CARL WILLECKE, Plaintiff-Appellant, v. ROBERT BINGHAM, Director of Court Services, *et al.*, Defendants-Appellees.

Second District No. 2—95—0634

Opinion filed February 21, 1996.

Louis V. Kiefor, of Calumet City, for appellant.

Michael J. Waller, State's Attorney, of Waukegan (John W. Bartels IV, Mitchell L. Hoffman, and Ronald F. Bird, Assistant State's Attorneys, of counsel), for appellees Robert Bingham, County of Lake, Michael Mortensen, and Robert Zastany.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and Deborah L. Ahlstrand, Assistant Attorney General, of counsel), for appellee Charles F. Scott.

JUSTICE BOWMAN delivered the opinion of the court:
Plaintiff, Carl Willecke, was employed as a probation officer from January 11, 1991, until his termination on June 11, 1991. Plaintiff

sued the above-named defendants, seeking reinstatement and back pay. The trial court entered an order dismissing the original complaint. This court reversed that order and remanded the case for further proceedings. (*Willecke v. Bingham* (2d Dist. October 29, 1993), No. 2—92—0810 (*Willecke I*) (unpublished order under Supreme Court Rule 23).) On remand, plaintiff filed an amended complaint. The trial court dismissed all claims against all defendants other than Chief Judge Charles F. Scott and granted Judge Scott judgment on the pleadings (see 735 ILCS 5/2—615(e) (West 1992)). Plaintiff appeals, arguing that the pleadings raise factual issues as to whether plaintiff's termination violated due process or the Probation and Probation Officers Act (Act) (730 ILCS 110/0.01 *et seq.* (West 1992)).

The individual defendants in this case are Judge Scott, who was Chief Judge of the Nineteenth Judicial Circuit before and during plaintiff's employment, and three administrative officers: Robert Bingham, deputy administrator, chief of court services; Michael Mortensen, deputy administrator, chief of administrative services; and Robert Zastany, court administrator for the Circuit Court of the Nineteenth Judicial Circuit (collectively the administrators).

Plaintiff's complaint for *mandamus* in *Willecke I* alleged the following facts. On January 16, 1991, Judge Scott signed a written order appointing plaintiff to serve as a probation officer "until further order of the court." A copy of the order is attached to the complaint, the text of which is not in dispute. According to plaintiff's complaint, plaintiff complied with all the conditions of his employment. However, "the defendants and/or their subordinate employees, *other than the Chief Judge*" (emphasis added), terminated plaintiff. Plaintiff alleged that his discharge was unlawful because: (1) contrary to the order appointing him, no order of the court authorized his discharge; (2) the administrators' termination of him was an improper exercise of authority which section 13 of the Act (730 ILCS 110/13 (West 1992)) reserves to the chief judge; and (3) he did not receive written notice or a hearing as required by due process. The trial court dismissed the complaint, holding that it did not state a cause of action. The court first reasoned that, under *Orenic v. Illinois State Labor Relations Board* (1989), 127 Ill. 2d 453, Judge Scott, as the chief circuit judge, was plaintiff's employer; therefore, plaintiff had no cause of action against Lake County or its employees. Furthermore, plaintiff could not recover in *mandamus* because his complaint did not allege that he had a clear right to the position of probation officer.

In reversing the dismissal, this court held that section 13 of the Act does not authorize a county's chief probation officer to discharge

a probation officer who was appointed by the chief judge rather than by the chief probation officer pursuant to authority delegated him by the chief judge. (*Willecke I*, No. 2—92—0810, slip op. at 7.) This court concluded that, because plaintiff's complaint sufficiently alleged that he had been discharged by the administrators in violation of the original order of appointment, it adequately stated a cause of action for *mandamus* and damages. Recognizing that the complaint was premised on the allegation that the administrators exceeded their authority in firing plaintiff, we added that "[w]hether Chief Judge Scott ratified the defendant-administrators' termination of plaintiff and whether Scott had delegated power to hire or fire, or even himself terminated plaintiff, are affirmative matters not properly raised in connection with a motion attacking the sufficiency of the complaint." *Willecke I*, No. 2—92—0810, slip op. at 12.

Plaintiff filed a three-count amended complaint. Only counts I and II are involved here. Count I alleged that the defendants other than Judge Scott terminated plaintiff and that their conduct was unlawful because: (1) it usurped the power that the Act granted to the chief circuit judge; (2) there was no order of court as required by the order appointing plaintiff; and (3) it violated procedural due process. Count II alleged that the termination without due process violated Federal civil rights law.

The administrators' answer, which addressed only count I, alleged that Judge Scott, not the administrators, made the decision to terminate plaintiff. They also alleged that when plaintiff was terminated, he was serving only as a "probationary" probation officer. In his verified answer, Judge Scott admitted that plaintiff was discharged on June 11, 1991. He also admitted that there was no written order terminating plaintiff, but he stated that he gave the oral order authorizing the discharge.

After the defendants filed their answers, plaintiff moved to amend his complaint by striking any allegations that the improper termination was carried out by the defendants "other than [Judge Scott]." Plaintiff explained that the amendment was needed because the pleadings presented "new" matters. According to plaintiff, he had not known before that Judge Scott was involved in plaintiff's termination, and he had never been advised that he was appointed as a "probationary" probation officer. The trial court granted plaintiff's leave to amend his complaint.

Plaintiff also filed a reply to the defendants' answers. He alleged the following. At no time before or during his appointment did Judge Scott or anyone else involved in the process inform plaintiff that he was being hired as a probationary employee. After plaintiff was hired

on January 16, 1991, he received no communication, written or oral, from Judge Scott regarding his employment status. Moreover, despite plaintiff's discovery requests, no defendant had produced any written order creating the position of "probationary" probation officer or conditioning plaintiff's continued employment on the successful completion of a probationary period.

Plaintiff's reply alleged further that the administrators actually terminated him and that there was no documentation that Judge Scott authorized them to do so. Attached to plaintiff's reply was a copy of Robert Bingham's June 11, 1991, intraoffice memorandum regarding plaintiff's termination. According to the memo, on the afternoon of June 11, 1991, Bingham and Michael Mortensen met with plaintiff in Bingham's office. Bingham informed plaintiff that he was being terminated as a probation officer. Bingham did not further explain the decision and plaintiff did not respond.

Plaintiff asserted further that Chief Judge Scott did not comply with the terms of his own order appointing plaintiff. Also, according to plaintiff, Judge Scott was required to comply with any applicable employment rules and regulations that were adopted as administrative orders and, if no such orders existed, plaintiff was still entitled to "the usual due process protections which apply in employment matters."

Judge Scott moved to dismiss the amended complaint for failure to state a cause of action. He argued that, because plaintiff no longer alleged that the termination was conducted without Judge Scott's ratification or involvement, the only remaining ground for recovery was that Judge Scott and the other defendants violated plaintiff's due process rights. However, Judge Scott argued, this claim was legally insufficient because plaintiff was an employee at will who could be terminated at any time without a hearing.

In reply to this motion, plaintiff acknowledged that the amendments to his complaint "placed Judge Scott in an active role as being involved" in plaintiff's termination. However, plaintiff maintained that the termination was invalid because there was no "further order of court" as required by the appointment order. Although he acknowledged Judge Scott played an active role in terminating him, plaintiff questioned whether Judge Scott entered an "oral order" discharging plaintiff. According to plaintiff, the allegation that there was such an order "appear[ed] to conflict with the documents in this cause." Also, there were no judicial orders delegating the chief judge's termination powers to subordinate employees such as the administrators. Plaintiff reiterated that there was no legal basis for appointing him as a mere "probationary" probation officer, as no orders of the circuit court authorized probationary appointments under the Act.

The trial court dismissed the administrators and Lake County from the case. The court reasoned that, under *Orenic*, Judge Scott, as chief circuit judge, was plaintiff's employer. Thus, any effective order reinstating plaintiff could be entered only against Judge Scott. The court also granted Judge Scott's motion to dismiss count II of the amended complaint, holding that plaintiff was an at-will employee who could be terminated at any time and that neither the Act nor due process imposed procedural or substantive limits on the chief judge's power to fire plaintiff.

The court denied Judge Scott's motion to dismiss count I for failure to state a cause of action as to Judge Scott. However, Judge Scott then moved for judgment on the pleadings. He argued that, under the Act and the appointment order, the only procedural precondition to plaintiff's termination was that plaintiff be discharged *by Judge Scott*. However, Judge Scott stated, and plaintiff conceded, that Judge Scott did make the decision to terminate plaintiff. Therefore, no issue of material fact remained and Judge Scott was entitled to judgment on the pleadings.

The trial court agreed with Judge Scott and dismissed the remainder of the complaint. The trial court observed that no administrative rule forbade an oral order of termination; thus, it rejected plaintiff's contention that the termination did not comply with the appointing order's statement that plaintiff would hold his job until "further order of the court." The court also denied plaintiff's motion to reconsider the dismissal of the defendants other than Judge Scott. Plaintiff timely appealed.

Plaintiff argues that the trial court erred in granting Judge Scott judgment on the pleadings because (1) a disputed issue of fact exists regarding whether Judge Scott actually discharged plaintiff by oral order; and (2) the court erred in concluding that plaintiff was an at-will employee who could be terminated at any time without notice or a hearing. Plaintiff also argues that, under the "law of the case doctrine," this court's order in *Willecke I* prevented the court from dismissing the amended complaint as to the administrators and the county. We disagree with each of the above contentions.

■ We hold first that the court properly granted Judge Scott judgment on the pleadings. A court may grant a defendant judgment on the pleadings if, after accepting all well-pleaded facts in the complaint as true, it clearly appears that no set of facts can be proved which will entitle the plaintiff to relief. *Metzger v. New Century Oil & Gas Supply Corp. Income & Development Program* (1992), 230 Ill. App. 3d 679, 688.

Plaintiff's original complaint assumed that Judge Scott did not

authorize plaintiff's termination, but the amended complaint abandoned this theory. At the least, plaintiff has acknowledged that Judge Scott was "involved" in terminating him. Plaintiff has not pleaded any facts to demonstrate that Judge Scott did not authorize the termination, but maintains instead that an oral order of termination was insufficient. However, the order of appointment requires only that there be a "further order of the court." Nothing in the Act, the administrative regulations, or the appointing order requires a *written* order, and we take notice that courts routinely enter and enforce oral orders. Judge Scott, on behalf of the circuit court, hired plaintiff; his oral authorization, on behalf of the court, discharging plaintiff is equally an order of the court. That the chief judge did not *communicate* the order directly to plaintiff, but chose instead to convey the message through others, does not change the fact that he decided that plaintiff would be terminated.

■ We next hold that plaintiff's termination did not violate his due process rights. It is settled that, absent legislative, administrative or contractual provisions to the contrary, a public employee in Illinois holds his office at the pleasure of the appointing power, which may remove him at any time. (*Levin v. Civil Service Comm'n* (1972), 52 Ill. 2d 516, 521.) Thus, the public employee has no property interest in continued employment so as to trigger Federal or State due process protections. *Levin*, 52 Ill. 2d at 521; *Hohmeier v. Leyden Community High Schools District 212* (7th Cir. 1992), 954 F.2d 461, 463-65.

Although plaintiff acknowledges these principles, he maintains that he is not an at-will employee because the order appointing him states that he may be removed only on "further order of court." This argument stretches logic too far. As the circuit court is undisputedly plaintiff's employer (see *Orenic*, 127 Ill. 2d at 474-85), the natural import of the appointing order's language is that plaintiff is to serve at the pleasure of the employer. This is not a "fixed term" in any accepted or plausible sense.

Because plaintiff was an at-will employee who could be discharged by the court at any time, we need not consider whether the court could appoint him as a "probationary" probation officer. Assuming *arguendo* there is no such position, plaintiff's procedural rights are no greater than they would be if he were validly appointed to such an office.

■ Finally, we reject plaintiff's contention that the "law of the case" doctrine prevented the trial court from dismissing the administrators and the county from this suit. As pertinent here, the law of the case doctrine states only that where a reviewing court has

already determined an issue of law in a given case, the trial court is bound by that ruling in any subsequent proceeding between the parties. (*Hamilton v. Williams* (1992), 237 Ill. App. 3d 765, 773-74.) The dismissal of the administrators and the county did not violate our ruling in *Willecke I*.

In *Willecke I*, we held only that plaintiff's *original* complaint, which alleged that he was discharged by the defendants *other than Judge Scott*, should survive a motion to dismiss for failure to state a cause of action. However, the amended complaint abandoned the theory that the discharge was undertaken without the involvement of Judge Scott. Thus, the two complaints are premised on different and conflicting assumptions. Moreover, even if the administrators and the county were proper defendants, it is manifest from our discussion above that plaintiff has no cause of action against *any* of the defendants.

The judgment of the circuit court of Lake County is affirmed.

Affirmed.

McLAREN, P.J., and THOMAS, J., concur.