GLORIA HARRIS, Plaintiff-Appellant, v. SHARON ECKERSALL *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—01—2450

Opinion filed June 7, 2002.

Kenneth N. Flaxman, of Chicago, for appellant.

Jack M. Siegel, of Altheimer & Gray, of Chicago, for appellees.

PRESIDING JUSTICE GALLAGHER delivered the opinion of the court:

Plaintiff, Gloria Harris, filed a three-count complaint for declaratory, injunctive and other relief against defendants, Sharon Eckersall (Eckersall), the Evanston Township assessor and Evanston Township (the Township). Plaintiff sought a declaratory judgment that her dismissal by Eckersall, the Evanston Township assessor, was null and void and sought an order providing for her reinstatement with back pay and benefits. Plaintiff further alleged that her dismissal by Eckersall interfered with prospective economic advantage and she should be awarded damages. Defendants filed a motion to dismiss, pursuant to section 2—615 of the Code of Civil Procedure (735 ILCS 5/2—615 (West 2000)). The trial court granted defendants' motion to dismiss. We affirm.

■ Our review of a trial court's grant of a motion to dismiss, under

section 2—615 of the Code of Civil Procedure, is *de novo*. *Neppl v. Murphy*, 316 Ill. App. 3d 581, 583, 736 N.E.2d 1174 (2000). We agree, however, with the trial court's analysis in granting defendant's motion to dismiss. In view of the statutory framework of the Evanston Township and the office of the township assessor, the trial court correctly dismissed plaintiff's complaint as failing to state a cause of action.

■ Section 77—5 of the Township Code provides that the township assessor "shall be elected and have powers and duties as provided in the Property Tax Code." 60 ILCS 1/77—5 (West 1996)). One of these powers, relevant to the instant case, is found in section 2—65(a) of the Property Tax Code and states as follows:

> "[W]here a township *** assessor is unable alone to perform all duties of the office, he or she may appoint one or more suitable persons as deputies to assist in making the assessment, and may appoint other employees required for operation of the office. The deputies and other employees may be employed on an annual, monthly or daily basis." 35 ILCS 200/2—65(a) (West 1996).

Pursuant to this provision, plaintiff was employed as an assistant to the Evanston Township assessor from 1988 until May 2000. While employed as an assistant, plaintiff was paid by the Evanston Township, pursuant to its responsibility to provide funds for the operation of the assessor's office. This responsibility is found under section 2—80 of the Property Tax Code, which provides as follows:

> "Expenses and office needs. *** The board of town trustees shall provide the office and storage space, equipment, office supplies, deputies and clerical and stenographic personnel and other items as are necessary for the efficient operation of the office." 35 ILCS 200/2—80 (West 1996).

The office of Evanston Township assessor became vacant in April 1997 and remained vacant until August 17, 1999. During the vacancy, plaintiff continued to perform the same work and continued to receive her salary and benefits. On August 17, 1999, the Township appointed defendant Eckersall as Evanston Township assessor. On May 23, 2000, Eckersall fired plaintiff. On August 25, 2000, the Township paid plaintiff for her unused vacation and personal time and transferred her unused sick time to plaintiff's retirement pension plan.

■ Plaintiff now contends that her complaint fairly alleges that she became an employee of Evanston Township in April 1997. The gist of plaintiff's action is that (1) she was transformed into an employee of the Township, as evidenced by the fact that the Township continued to pay her salary during the time period of the vacancy, and (2) as an employee of the Township she had certain terms and conditions of employment, which included the provision that she could not be

discharged without cause, after notice and hearing and in accordance with progressive discipline. Plaintiff's argument fails because she was at no time a Township employee but, at all times, was an employee of the assessor.

Plaintiff has also failed to allege any facts to support her conclusory allegation that, after the Evanston Township assessor position became vacant, she was "employed by" the Township. Under the above plain language of section 2—65(a) of the Property Tax Code (35 ILCS 200/2—65(a) (West 1996)), it was the Township *assessor* who had the plenary power to hire or fire the employees required for operation of the assessor's office. That the Township continued to pay plaintiff her salary, pursuant to its statutory obligation to provide the funding for the assessor's office, does not transform plaintiff into a Township employee. Plaintiff never became an employee of the Township under any theory.

Moreover, as defendant additionally notes, the authority of the Township board with respect to Township employees specifically *excludes* employees of the Evanston Township assessor. Section 100—5(a) of the Township Code states, in relevant part, as follows: "(a) The township board may employ and fix the compensation of township employees that the board deems necessary, *excluding the employees of the offices* of supervisor of general assistance, township collector, and *township assessor.*" (Emphasis added.) 60 ILCS 1/100—5(a) (West 1996). A township may exercise only those powers conferred upon it by statute. *Grassini v. Du Page Township*, 279 Ill. App. 3d 614, 618, 665 N.E.2d 860, 863 (1996). Any employment agreement between plaintiff and the Township, similar to other types of unauthorized agreements, would have been void *ab initio*. See, *e.g., Cannizzo v. Berwyn Township 708 Community Mental Health Board*, 318 Ill. App. 3d 478, 741 N.E.2d 1067 (2000) (holding employment contracts of former executive director of township community mental health board *ultra vires* and void *ab initio*, though board members had staggered terms of appointment, because the contracts extended beyond the term of the township supervisor in office at the time of the execution of the contracts, and the board was appointed by the supervisor); *Grassini*, 279 Ill. App. 3d at 620, 665 N.E.2d at 864-65 (explaining that because a former town administrator's employment contract with township was to extend beyond the remaining period of service of the officials who had authorized the contract, it was outside the township's authority and thus void *ab initio*); see also 1997 Ill. Att'y Gen. Op. No. 97—007 (employees of township assessors are subject to the supervision and control of the officers who appoint them, rather than the township board). Clearly, the Township board does not have any authority

to hire or fire employees of the assessor's office. Thus, plaintiff's theory that she somehow was converted into an employee of the Township as a result of the Township's continued payment of her salary and benefits, as well as her unused vacation and personal time, is all the more meritless.

Plaintiff has misconstrued the effect of the Township's continuing to pay her salary and other benefits during the time that the assessor position was vacant. This fact did not make the Township her employer. See, *e.g.*, *Orenic v. Illinois State Labor Relations Board*, 127 Ill. 2d 453, 476, 537 N.E.2d 784, 795 (1989) (fact that a county pays salaries of nonjudicial employees in the judicial branch does not in constitutional or statutory terms make the county their employer); *Drury v. County of McLean*, 89 Ill. 2d 417, 425, 433 N.E.2d 666 (1982) (fact that counties pay salaries and expenses of circuit court clerks does not make the office of circuit court clerk a county office); *Levin v. Civil Service Comm'n,* 52 Ill. 2d 516, 521, 288 N.E.2d 97, 100 (1972) (holding that public employees working for the office of Cook County assessor and receiving their compensation from Cook County had no vested right in the expectation of the continuance of this compensation). In accordance with the applicable statutory provisions, plaintiff held her appointed position at the will and pleasure of the employer— the Evanston Township assessor. Plaintiff had no legitimate expectation in continued employment and, thus, no protected property interest.

Illinois is an employment-at-will state. *Barr v. Kelso-Burnett Co.*, 106 Ill. 2d 520, 478 N.E.2d 1354 (1985). Therefore, absent a specific contract to the contrary, employment contracts are terminable at will. Because an at-will employee can be terminated at any time for any reason or no reason, an at-will employee has no property interest in continued employment. Similarly, it is well settled that, "absent legislative, administrative or contractual provisions to the contrary, a public employee in Illinois holds his office at the pleasure of the appointing power, which may remove him at any time." *Willecke v. Bingham*, 278 Ill. App. 3d 4, 10, 662 N.E.2d 122, 125 (1996), citing *Levin v. Civil Service Comm'n,* 52 Ill. 2d 516, 288 N.E.2d 97 (1972). Therefore, if a public employee, such as plaintiff here, serves at the pleasure of the appointing authority, the employment relationship is at will. Similar to other at-will employees, the employee has no property interest in continued employment and may be terminated at will.

■ Because plaintiff was an at-will employee who could be discharged by the assessor at any time, we need not consider plaintiff's claim against Eckersall for interference with prospective economic advantage. Plaintiff has conceded this claim fails if this court concludes, as we have done, that she was an employee of the assessor.

In accordance with the foregoing, we affirm the decision of the circuit court of Cook County granting defendants' motion to dismiss plaintiff's complaint.

Affirmed.

BUCKLEY and O'MARA FROSSARD, JJ., concur.