EDDIE READ, Plaintiff, v. MICHAEL F. SHEAHAN, Sheriff of Cook County, *et al.*, Defendants (Harold E. Bailey, Chairman of the Cook County Board of Corrections, *et al.*, Cross-Plaintiffs and Appellees; Michael F. Sheahan, Sheriff of Cook County, Cross-Defendant and Appellant).

First District (3rd Division)   No. 1—04—3225

Opinion filed July 13, 2005.

Bell, Boyd & Lloyd, L.L.C., of Chicago (Michael J. Hayes, Sr., John T. Roache, Wallace C. Solberg, and Joel C. Griswold, of counsel), for appellant.

Hooks Law Offices, P.C., of Chicago (William H. Hooks, Special Assistant State's Attorney, of counsel), for appellees.

PRESIDING JUSTICE KARNEZIS delivered the opinion of the court:

Cross-defendant Michael F. Sheahan, the sheriff of Cook County (sheriff), appeals from the circuit court's granting of the motion for summary judgment and petition for writ of *mandamus* filed by cross-plaintiffs Reverend Harold E. Bailey, Howard D. Brookins and Frederick B. Sengstacke (cross-plaintiffs), the chairman, the vice chairman and a member of the Cook County Board of Corrections (the board), respectively, in their action against the sheriff. The sheriff also appeals from the court's denial of his cross-motion for summary judgment and its order directing that Callie Baird, then director of the Cook County Department of Corrections (DOC), vacate her position as director.

Section 3—15012 of the County Department of Corrections Law of the Counties Code (55 ILCS 5/3—15001 *et seq.* (West 2004)) (Code) provides that the sheriff "shall" appoint the director of the DOC from a list of three persons nominated by the members of the board. 55 ILCS 5/3—15012 (West 2004). In July 2003, the sheriff appointed Callie Baird as director of the DOC, but Ms. Baird was not one of the three nominees submitted by the board for the position. Asserting that the provision requiring appointment from the list of board nominees is mandatory, cross-plaintiffs' action sought a writ of *mandamus*, declaratory judgment and injunctive relief in order to remove Ms. Baird from her position as director and to compel the sheriff to comply with the statute by appointing one of the three people nominated by the board.

Finding section 3—15012 mandatory rather than directory, the court granted cross-plaintiffs' motion for summary judgment, granted

cross-plaintiffs' petition for *mandamus*, denied the sheriff's motion for summary judgment and ordered that Ms. Baird vacate her position as director of the DOC. On appeal, the sheriff argues that the court erred in (1) finding that section 3—15012 is mandatory rather than directory; (2) issuing a writ of *mandamus* removing the sheriff's appointed director in order to compel the sheriff to exercise his discretion differently; and (3) issuing a writ of *mandamus* to compel a nonparty, Ms. Baird, to vacate her position as director. We affirm.

## BACKGROUND

In May 2003, the sheriff's office sent the resumes and credentials of the applicants for the position of director of the DOC, including those of Ms. Baird, to the board for its review and requested that the board submit its three "recommendations" to the sheriff. On June 13, 2003, after reviewing the submissions and interviewing candidates, the board submitted its list of three recommended candidates to the sheriff. Ms. Baird was not on the board's list. In July 2003, the sheriff announced his appointment of Ms. Baird as director of the DOC. Eddie Read, a private citizen, filed a complaint for injunctive relief against the sheriff and the board, seeking an order enjoining the sheriff from appointing Ms. Baird to the director position.

Cross-plaintiffs filed a cross-claim against the sheriff seeking the same relief, but also requesting an order of *mandamus* compelling the sheriff to appoint the director from the list nominated by the board; a finding by the court that the statute is mandatory, that the sheriff violated the statute and that his appointment was invalid; and an injunction enjoining the sheriff from assigning further duties to Ms. Baird and from appointing and assigning duties to a director not nominated by the board. The court dismissed Read's claim as moot, given that the sheriff had already appointed Ms. Baird as director. The court similarly dismissed cross-plaintiffs' count for the same relief as moot but gave them leave to file an amended complaint. The case subsequently proceeded on cross-plaintiffs' second amended complaint. Cross-plaintiffs and the sheriff filed cross-motions for summary judgment.

Finding that section 3—15012 mandated that the sheriff appoint the director from the list of three nominees presented by the board, the court granted summary judgment to the board and denied the sheriff's motion. The court's order also granted the board's petition for writ of *mandamus* removing "the current Director of the Cook County Board of Corrections," Ms. Baird. The court subsequently ordered that Ms. Baird vacate her post as director, which she did. The sheriff timely appeals the grant of summary judgment and *mandamus* to cross-plaintiffs and denial of summary judgment to him.

## ANALYSIS

### Section 3—15012

The sheriff argues that the court erred in granting summary judgment to cross-plaintiffs because section 3—15012 states a directory, rather than a mandatory, provision and the sheriff could, therefore, appoint a director who was not nominated by the board. If a statute is mandatory, strict compliance therewith is required. *Andrews v. Foxworthy*, 71 Ill. 2d 13, 19, 373 N.E.2d 1332, 1334 (1978). Whether a statute is mandatory or directory is a matter of statutory construction. *Fumarolo v. Chicago Board of Education*, 142 Ill. 2d 54, 96, 566 N.E.2d 1283, 1302 (1990). We review a grant of summary judgment and a matter of statutory construction, both of which concern questions of law, *de novo*. *O'Connor v. County of Cook*, 337 Ill. App. 3d 902, 906, 787 N.E.2d 185, 187 (2003).

■ Section 3—15012 states in its entirety:

"The Sheriff shall appoint a Director to act as the chief executive and administrative officer of the Department. The Director *shall* be appointed by the Sheriff from a list of 3 persons nominated by the members of the Board. He or she shall serve at the pleasure of the Sheriff. If the Director is removed, the Board shall nominate 3 persons, one of whom shall be selected by the Sheriff to serve as Director. The Director's compensation is determined by the County Board." (Emphasis added.) 55 ILCS 5/3—15012 (West 2004).

The principle rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Jenkins v. McIlvain*, 338 Ill. App. 3d 113, 119, 788 N.E.2d 62, 66 (2003). "Legislative intent can be ascertained from a consideration of the entire Act, its nature, its object and the consequences that would result from construing it one way or the other." *Fumarolo*, 142 Ill. 2d at 96, 566 N.E.2d at 1302. The best indicator of legislative intent is the language of the statute. *Jenkins*, 338 Ill. App. 3d at 119, 788 N.E.2d at 66. Where that language is clear, it must be given effect without resort to other interpretive aids, and the court should not depart from its plain meaning by reading into the language exceptions, limitations or conditions not expressed by the legislature therein. *Jenkins*, 338 Ill. App. 3d at 119, 788 N.E.2d at 66. However, if a statute is susceptible to more than one reasonable interpretation, its language is ambiguous and we can consider extrinsic aids of interpretation, such as the reason and necessity for the statute and the purpose served by it. *Jenkins*, 338 Ill. App. 3d at 119, 788 N.E.2d at 66. Where conflicting constructions of the statute exist, the construction rendering the provision reasonable and sensible is favored over a construction rendering the provision absurd, redundant or illogical. *Jenkins*, 338 Ill. App. 3d at 119, 788 N.E.2d at 66.

■ As a starting point in our construction of section 3—15012, we look at its language, the best indication of the intent of the drafters. *Paszkowski v. Metropolitan Water Reclamation District of Greater Chicago*, 213 Ill. 2d 1, 7, 820 N.E.2d 401, 405 (2004). It is a basic rule of statutory construction that the wording used by the legislature be given its plain meaning. *Emerald Casino, Inc. v. Illinois Gaming Board*, 346 Ill. App. 3d 18, 27, 803 N.E.2d 914, 921 (2003). Section 3—15012 provides that the sheriff "shall" appoint the director from a list of three persons nominated by the board. 55 ILCS 5/3—15012 (West 2004). Generally, "shall" indicates a mandatory intent (*Emerald Casino, Inc.*, 346 Ill. App. 3d at 27, 803 N.E.2d at 921), and the legislature's use of the word "shall" in a statutory provision is regarded as evidence that the legislature intended the provision to be mandatory, rather than directory (*Fumarolo*, 142 Ill. 2d at 96, 566 N.E.2d at 1301). Therefore, looking at the plain language of section 3—15012, it would appear that the sheriff *must* appoint the director from the board's list of nominees.

However, "while 'shall' ordinarily indicates a mandatory legislative intention, it may be construed as permissive if the context so indicates." *Fumarolo*, 142 Ill. 2d at 96, 566 N.E.2d at 1301.

> "[W]hen a statute prescribes the performance of an act by a public official or a public body, the question of whether it is mandatory or directory depends on its purpose. If the provision merely directs a manner of conduct for the guidance of the officials or specifies the time for the performance of an official duty, it is directory, absent negative language denying the performance after the specified time. If, however, the conduct is prescribed in order to safeguard someone's rights, which may be injuriously affected by failure to act within the specified time, the statute is mandatory." *Andrews*, 71 Ill. 2d at 21, 373 N.E.2d at 1335.

Since section 3—15012 prescribes the performance of an act by a public official, the sheriff, the question of whether it is mandatory or directory depends on its purpose. *Andrews*, 71 Ill. 2d at 21, 373 N.E.2d at 1335. Accordingly, notwithstanding the plain meaning of the word "shall" and the fact that it does not appear ambiguous, "shall" may be interpreted to mean "must" or "may" depending on the context and intent of the legislature. *Chicago School Reform Board of Trustees v. Martin*, 309 Ill. App. 3d 924, 933, 723 N.E.2d 731, 738 (1999). This is especially true where, as here, an amendment to a statute is at issue. *Emerald Casino, Inc.*, 346 Ill. App. 3d at 28-29, 803 N.E.2d at 922.

In determining the meaning of an amended statute, we must consider the circumstances surrounding the enactment of the amend-

ment. *Emerald Casino, Inc.*, 346 Ill. App. 3d at 28-29, 803 N.E.2d at 922. Current section 3—15012 is the result of an amendment to erstwhile section 12 of "An Act in relation to a County Department of Corrections ***" (Act) (Ill. Rev. Stat. 1975, ch. 125, par. 212), which provided that the sheriff appoint the director of the DOC from a list of three persons nominated by the board but required that the appointment be approved by the judges of the circuit court of Cook County. Ill. Rev. Stat. 1975, ch. 125, par. 212. Pursuant to section 12, the director served a six-year term, subject to removal for cause. Ill. Rev. Stat. 1975, ch. 125, par. 212. Such removal could occur only after a public hearing or if four members of the board voted to remove. Ill. Rev. Stat. 1975, ch. 125, par. 212. As in section 3—15012, if the director was removed, the board would submit a list of three nominees from which the sheriff was to pick a new director. Ill. Rev. Stat. 1975, ch. 125, par. 212.

Legislative debates on the proposed amendment, enacted by Public Act 80—374, section 1, effective October 1, 1977 (Pub. Act 80—374, § 1, eff. October 1, 1977), were few, consisting mainly of brief presentations of the amendment to the House and Senate for vote. On May 13, 1977, Representative Leverenz, the amendment's sponsor, presented the amendment, House Bill 1946, to the House for a third reading. 80th Ill. Gen. Assem., House Proceedings, May 13, 1977, at 174. He explained that the amendment "would put the warden of Cook County Jail directly under the Sheriff. It would have him serve at the Sheriff's pleasure. It would eliminate the involvement *there* of the Corrections Board." (Emphasis added.) 80th Ill. Gen. Assem., House Proceedings, May 13, 1977, at 174 (statements of Representative Leverenz).

On May 17, 1977, the bill having been amended in the House and temporarily removed from the record, Representative Leverenz presented it for third reading again, explaining that the amendment

> "[e]liminates [the] requirement for the approval of Judges, of the appointment of Secretary Executive Director. It eliminates the fixed term of the Executive Director and provides that he serve at the pleasure of the Sheriff. This comes from a Grand Jury recommendation that the Sheriff have full authority over that part of county government." 80th Ill. Gen. Assem., House Proceedings, May 17, 1977, at 139 (statements of Representative Leverenz).

After the bill was passed by the House, Senator Carroll presented it to the Senate on June 24, 1977, explaining that "[t]his bill affects only the County of Cook and the sheriff therein and allows the five member board to still make three recommendations from [*sic*] him but gives him the power of hiring and firing over the superintendent of the institute [the director of the DOC/county jail]." 80th Ill. Gen. As-

sem., Senate Proceedings, June 24, 1977, at 234 (statements of Senator Carroll).

Clearly, as shown by the two sponsors' statements regarding the proposed amendment, the legislature's focus in amending the statute was on giving the sheriff more power over the director by eliminating the requirements that (1) the circuit court approve the sheriff's appointment of a director, (2) the director be removed only for cause and (3) the board approve such removal. Indeed, as Representative Leverenz stated, the amendment would "have [the director] serve at the Sheriff's pleasure. It would eliminate the involvement *there* of the Corrections Board." (Emphasis added.) His statement clearly indicates that the legislature intended to eliminate board involvement in the sheriff's ability to remove the director at will, the primary source of the sheriff's power over the director. Nothing can be gleaned from Representative Leverenz's and Senator Carroll's brief statements that would lead one to determine that the legislature's intent in framing the amendment was to give the sheriff unbridled discretion in appointing the director, especially given the legislature's decision to keep the board's prescreening and nomination process in place.

We grant that, because the provision neither prescribes the sheriff's conduct in order to safeguard someone's rights, which may be injuriously affected by the sheriff's failure to act, nor contains language stating a consequence for the sheriff's failure to follow its stricture, it is not necessarily mandatory. See *Andrews*, 71 Ill. 2d at 21, 373 N.E.2d at 1335. However, neither does it merely direct a manner of conduct for the guidance of the sheriff or specify the time within which the sheriff must perform an official duty such that the provision is necessarily directory. See *Andrews*, 71 Ill. 2d at 21, 373 N.E.2d at 1335. Rather than laboriously distinguish the cases cited by the parties in support of their respective positions, suffice it to say that there is no universal formula for differentiating between mandatory and directive statutory provisions. *South 51 Development Corp. v. Vega*, 335 Ill. App. 3d 542, 560, 781 N.E.2d 528, 543 (2002). Rather, the nature of a statutory provision is determined by examining the context of and legislative intent behind a provision on a case-by-case basis. Here, that context and legislative intent show that the legislature intended that the provision requiring the sheriff to appoint the DOC director from the slate of nominees presented by the board is mandatory.

■ The purpose of the statute was to give the sheriff "full authority" over the DOC. 80th Ill. Gen. Assem., House Proceedings, May 17, 1977, at 139 (statements of Representative Leverenz). In order to accomplish this, the legislature gave the sheriff discretion to appoint the

director without having to seek court approval of his selection and to remove the director without cause and without having to seek board approval. However, the sheriff's discretion was not unlimited. Rather, it was fettered by the requirement that the sheriff restrict his appointment to the three persons nominated by the board. Had the legislature determined that the sheriff should have unbridled discretion to choose the DOC director, it could have easily done away with the preexisting requirement for board input in the selection process when it drafted the amendment. It did not do so. Clearly, the legislature's purpose was not to give the sheriff the unlimited discretion he suggests.

Moreover, if section 3—15012's direction to the sheriff to select the DOC director from a slate nominated by the board was intended as directory, *i.e.*, merely a suggestion, then the nomination process stated in section 3—15012 is meaningless and the legislature's inclusion of that requirement was meaningless. The legislature is presumed not to engage in or intend the doing of a meaningless act (*Fumarolo*, 142 Ill. 2d at 97, 566 N.E.2d at 1301), and therefore, its specification that the board provide the nominees from which the sheriff is to select the director must be presumed to have some purpose.

The sheriff asserts that, read in context, section 3—15012's provision limiting the sheriff to only three nominees from which to select the director is inconsistent with the provision providing that the director "shall serve at the pleasure of the Sheriff." We disagree, since the fact that the director serves at the pleasure of the sheriff is in no way compromised by the requirement that the sheriff must select the director from the board's nominees. Pursuant to the terms of section 3—15012, the sheriff can apparently hire a director and then fire that person immediately thereafter if he so chooses, without having to seek approval from any person or body. He can repeat this hiring and firing action continuously, *ad infinitum*, without interference by the court or the board. Presumably, this course of action will not occur, but there is nothing in the statute to prevent it. The director clearly serves at the sheriff's pleasure.

The sheriff also argues that when section 3—15012 is read in context with section 3—15004 of the Code (55 ILCS 5/3—15004 (West 2004)), it is clear that section 3—15012 is directory. Section 3—15004 provides:

> "A Board of 5 members shall be appointed by the Sheriff with the advice and consent of the County Board to recommend the policy of the Department, and to establish rules for regulating the Board's organization and for the administration of this Division. *The Board shall not have administrative or executive duties and shall not deal with specific procedural matters.*" (Emphasis added.) 55 ILCS 5/3—15004 (West 2004).

The sheriff posits that, if he must appoint the DOC director from a list of names provided by the board, then, in contravention of section 3—15004, the board is given the *de facto* executive duty of selecting the director and power over the procedure by which the director is appointed. We disagree. The statutory procedure is very clearly set forth in section 3—15012 and is not open to alteration by the board, or by the sheriff for that matter. It is very simple: the board nominates three candidates and the sheriff chooses the director from among those nominees. The board has no power to change or impact that procedure. It *must* submit three names to the sheriff and he *must* appoint from among those three persons. The selection of the director is the sheriff's executive duty. The board's initial screening is merely a mechanism, set up by the legislature, to facilitate that process and, presumably, provide citizen input.

It is the legislature that granted the sheriff, a public official holding an elected constitutional office, the authority to oversee the Cook County Department of Corrections, and it is for the legislature to determine the limit of that authority. In this instance, the legislature chose to increase the sheriff's authority over the DOC by removing the requirement for court approval of the sheriff's DOC director appointment and for board approval of the director's termination. It did not, however, remove all limits on the sheriff's authority to appoint the director by removing the requirement that the sheriff select the director from among the persons nominated by the board. This limit on the sheriff's authority was entirely within the legislature's purview to impose, or, in this case, continue. Based on an examination of the context of the provision of section 3—15012 at issue here and of the circumstances and legislative history surrounding the amendment creating that provision, we find that the legislature intended that the provision requiring the sheriff to appoint the DOC director from the list of three board nominees is mandatory. If the sheriff has a problem with the statute, his complaint should be directed to the legislature.

### Writ of *Mandamus*

█ Given our determination that section 3—15012's direction that the sheriff appoint the DOC director from the list of nominees presented by the board is mandatory, the sheriff has no choice but to follow that directive and the court's grant of *mandamus* to that end was not erroneous. Pursuant to sections 14—101 through 14—109 of the Code of Civil Procedure (735 ILCS 5/14—101 through 14—109 (West 2004)), the court may use *mandamus* as an extraordinary remedy to direct a public official or body to perform a ministerial duty that does not involve the exercise of judgment or discretion. *Hadley v.*

*Ryan*, 345 Ill. App. 3d 297, 301, 803 N.E.2d 48, 52 (2003). A petitioner for a writ of *mandamus* must demonstrate a clear right to the requested relief, the respondent's clear duty to act, and the respondent's clear authority to comply with the terms of the writ. *Hadley*, 345 Ill. App. 3d at 301, 803 N.E.2d at 52. " '*Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised.' " *Hadley*, 345 Ill. App. 3d at 301, 803 N.E.2d at 52, quoting *Crump v. Illinois Prisoner Review Board*, 181 Ill. App. 3d 58, 60, 536 N.E.2d 875, 877 (1989).

Although the sheriff has discretion to choose the DOC director, that discretion is limited to choosing the director from the three persons nominated by the board. The sheriff has no discretion to appoint a person not on that list of nominees. Accordingly, the court cannot instruct the sheriff on which of the three nominees to appoint; that decision is in the sheriff's discretion. It can, however, order the sheriff to confine his appointment to one of those three nominees because that action is mandatory, not discretionary. The court did not err in granting cross-plaintiffs' writ for *mandamus* requesting that the court compel the sheriff to appoint a director from among the three persons nominated by the board.

As part of its grant of *mandamus*, the court ordered that Ms. Baird vacate her position as director of the DOC. The sheriff contends that the court had no authority to order Ms. Baird to vacate the position because Ms. Baird was not a party to cross-plaintiffs' action. The sheriff was the only necessary party to the *mandamus* action because he was the only public official who had not performed the duty required by law which cross-plaintiffs sought to enforce. *Caldwell v. Nolan*, 167 Ill. App. 3d 1057, 1067, 522 N.E.2d 175, 182 (1988). He violated his duty by appointing a director who was not on the board's list of nominees. The court appropriately rectified this violation by ordering that Ms. Baird be removed from the director position and the position be vacated. Further, Ms. Baird, a public employee serving at the sheriff's pleasure, was an at-will employee. *Harris v. Eckersall*, 331 Ill. App. 3d 930, 934, 771 N.E.2d 1072, 1075 (2002). As such, she had no property interest in her continued employment as DOC director because she could be discharged at will, at any time for any reason or no reason. *Harris*, 331 Ill. App. 3d at 934, 771 N.E.2d at 1075. With no protected property right in the director position, Ms. Baird was not a necessary party to cross-plaintiffs' action.

For the reasons stated above, we affirm the decision of the circuit court.

Affirmed.

HOFFMAN and SOUTH, JJ., concur.