No. 2--06--0098          Filed: 5-22-07

---

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

---

| | | |
|---|---|---|
| FRANK VAN MILLIGEN, | ) | Appeal from the Circuit Court |
| | ) | of McHenry County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 05--MR--163 |
| | ) | |
| THE DEPARTMENT OF EMPLOYMENT | ) | |
| SECURITY, BRENDA RUSSELL, as | ) | |
| Director of the Department of Employment | ) | |
| Security, BOND DRUG COMPANY OF | ) | |
| ILLINOIS, and WALGREENS COMPANY, | ) | Honorable |
| | ) | Michael J. Sullivan, |
| Defendants-Appellees. | ) | Judge, Presiding. |

---

JUSTICE GILLERAN JOHNSON delivered the opinion of the court:

The plaintiff, Frank Van Milligen, appeals, pro se, the trial court's dismissal of his complaint seeking the review of a decision of the Board of Review (the Board) of the Illinois Department of Employment Security (IDES). The trial court dismissed the plaintiff's complaint because he did not name the Board as a defendant in the complaint as required by section 3--107(a) of the Administrative Review Law (the Review Law) (735 ILCS 5/3--107(a) (West 2004)). On appeal, the plaintiff argues that the trial court erred by not allowing him leave to amend his complaint to name the Board as a defendant. We affirm.

In February 2005, the plaintiff was terminated from his employment with Bond Drug Company of Illinois (Bond Drug) and Walgreens Co. (Walgreens) for violating their policy against

harassment and discrimination. The plaintiff applied for unemployment benefits, but on June 22, 2005, the Board issued a final decision finding him ineligible to receive benefits, for misconduct under section 602(A) of the Unemployment Insurance Act (the Act) (820 ILCS 405/602(A) (West 2004)). Section 1100 of the Act (820 ILCS 405/1100 (West 2004)) expressly adopts the Review Law (735 ILCS 5/3--101 et seq. (West 2004)) as the sole means to review any final decision of the Board.

On July 27, 2005, 35 days after the Board's decision, the plaintiff filed a complaint for administrative review in which he named as defendants Bond Drug, Walgreens, the IDES, and Brenda Russell in her capacity as the Director of the IDES (the Director). The plaintiff did not name the Board as a defendant. Thereafter, the IDES and the Director moved to dismiss the plaintiff's action pursuant to section 2--619 of the Code of Civil Procedure (the Code) (735 ILCS 5/2--619 (West 2004)), because his complaint did not name the Board as a defendant as required by section 3--107(a) of the Review Law. In response to the motion, the plaintiff argued that due process mandated application of equitable tolling principles, and he requested leave to amend his complaint to add the Board as a defendant. The trial court found these principles inapplicable and dismissed the plaintiff's complaint for lack of jurisdiction. The plaintiff filed a timely notice of appeal. On appeal, the plaintiff argues that he is entitled to amend his complaint pursuant to: (1) section 3--103 of the Review Law; (2) the "good faith" exception to the Review Law's requirements; (3) equitable tolling principles; (4) due process requirements; and (5) section 2--616(d) of the Code and Rule 15 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 15).

A motion to dismiss pursuant to section 2--619 of the Code admits the legal sufficiency of the plaintiff's complaint, but asserts an affirmative defense or other matter that avoids or defeats the

plaintiff's claim. DeLuna v. Burciaga, 223 Ill. 2d 49, 59 (2006). "Section 2--619 motions present a question of law, and we review rulings thereon de novo." DeLuna, 223 Ill. 2d at 59.

"Under the Illinois Constitution, final judgments from the circuit courts are appealable as a 'matter of right,' but final administrative decisions are appealable only 'as provided by law.' Ill. Const. 1970, art. VI, §§6, 9. Because review of a final administrative decision may only be obtained as provided by statute, a court is said to exercise 'special statutory jurisdiction' when it reviews an administrative decision. [Citation.] Special statutory jurisdiction 'is limited to the language of the act conferring it and the court has no powers from any other source.' Fredman Brothers Furniture Co. v. Department of Revenue, 109 Ill. 2d 202, 210 (1985). A party seeking to invoke a court's special statutory jurisdiction must strictly comply with the procedures prescribed by statute." Collinsville Community Unit School District No. 10 v. Regional Board of School Trustees of St. Clair County, 218 Ill. 2d 175, 181-82 (2006).

Circuit courts are granted jurisdiction to review decisions by the Board through section 1100 of the Act (820 ILCS 405/1100 (West 2004)). That statute specifies that decisions by the Board are reviewable "only under and in accordance with" the Review Law. 820 ILCS 405/1100 (West 2004); McGaw Medical Center of Northwestern University v. Department of Employment Security, 369 Ill. App. 3d 37, 40 (2006). The Review Law is a departure from common law, and the procedures it establishes must be strictly followed. Lockett v. Chicago Police Board, 133 Ill. 2d 349, 353 (1990). As to the time and manner of proceeding, the Review Law states that an action to review a final administrative decision "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected by the decision." 735 ILCS 5/3--103 (West 2004). The Review

Law also specifies who must be made a defendant within the 35-day period: "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency, shall be made defendants." 735 ILCS 5/3--107(a) (West 2004). "Noncompliance with the joinder provisions of the Review Law requires dismissal of the review proceeding." Collinsville, 218 Ill. 2d at 183; see also Lockett, 133 Ill. 2d at 354 (the joinder requirements are mandatory and specific and admit of no modification). "Sections 3--103 and 3--107 have been interpreted by our supreme court to require dismissal of a cause of action for administrative review, without leave to amend, where a necessary party was not made a defendant within the 35-day limitation period." McGaw, 369 Ill. App. 3d at 40; see Collinsville, 218 Ill. 2d at 183; Lockett, 133 Ill. 2d at 354-56.

In the present case, the plaintiff does not dispute that the Board is a necessary party in this case or that he failed to join the Board within the 35-day time period. Rather, the plaintiff argues only that he should have been allowed to amend his complaint to name the Board as a defendant. The plaintiff first contends, relying on section 3--107(a) of the Review Law, that he should be allowed to amend his complaint because he properly named the Director as a defendant. Section 3--107(a) states, in relevant part, as follows:

"Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official

capacity, has been named as a defendant as provided in this Section." 735 ILCS 5/3--107(a) (West 2004).

The plaintiff argues that the Board is part of the IDES, that the Director is the head of the IDES, and that therefore the Director is the head of the Board. Therefore, pursuant to section 3--107(a), the plaintiff argues that naming the Director as a defendant was sufficient to join the Board under the Review Law. We disagree.

As stated, the plaintiff acknowledges that where a claimant seeks administrative review of the Board's denial of unemployment compensation, the Board is the "administrative agency" that must be joined as a defendant. Veazey v. Baker, 322 Ill. App. 3d 599, 602-03 (2001); Fedorev v. Doherty, 305 Ill. App. 3d 355, 360 (1999). The relevant inquiry then becomes whether the Director "directs or heads" the Board. The argument that the Director is the head of the Board has previously been rejected by this court in Fedorev, 305 Ill. App. 3d at 360, and by the Illinois Appellate Court, First District, in Veazey, 322 Ill. App. 3d at 604-05. In Fedorev, this court considered whether the Director "directs or heads" the Board as contemplated by section 3--107(a). Fedorev, 305 Ill. App. 3d at 360. In finding that the Director does neither, the court relied on section 44a of the Civil Administrative Code of Illinois (20 ILCS 1005/44a (West 1996)), which provides in relevant part that the Board "shall exercise all powers and be subject to all duties conferred or imposed upon [it] by the provisions of the Unemployment Compensation Act *** without any direction, supervision, or control by the Director of Employment Security." (Emphasis added.) The Fedorev court determined that the plain language of this statute indicated that the Director did not direct the Board. Fedorev, 305 Ill. App. 3d at 360. The Fedorev court noted that this determination was supported by the fact that the Director's signature did not appear on the determination by the Board finding the

plaintiff ineligible for unemployment insurance benefits. Fedorev, 305 Ill. App. 3d at 360. When confronted with similar circumstances, the Veazey court relied on Fedorev in reaching the same conclusion. Veazey, 322 Ill. App. 3d at 604-05.

As in Fedorev and Veazey, the naming of the Director in the plaintiff's complaint was insufficient to include the Board as a defendant. While the Board may be a division or arm of the Department, it is a separate and distinct entity for purposes of filing an action for review under the Act. Veazey, 322 Ill. App. 3d at 605. Furthermore, as in Fedorev and Veazey, the record shows that the Director had no part in the Board's determination regarding the plaintiff's eligibility for unemployment compensation, as the Director's signature did not appear on the Board's determination. As such, pursuant to section 3--107(a) of the Review Law, naming the Director in her official capacity was inadequate to join the Board as a defendant.

The plaintiff next contends that he should be allowed to amend his complaint to add the Board as a defendant under section 3--103(2) of the Review Law. Under section 3--103 of the Review Law, a complaint to review a final administrative decision must be filed and summons issued within 35 days of the date that a copy of the administrative decision was served upon the party affected by the decision. 735 ILCS 5/3--103 (West 2004). "Prior to 1997, the courts interpreted the Review Law as requiring all proper defendants to be correctly named within the 35-day period for filing a complaint for review." Catamount Cargo Services, LLC v. Department of Employment Security, 366 Ill. App. 3d 1039, 1041 (2006). In 1997, however, the General Assembly adopted a number of amendments to the Review Law that created exceptions to the 35-day time limit. See Pub. Act 89--685, §25, eff. June 1, 1997.

The 1997 amendments added the following language to section 3--103(2):

"(2) in other actions for review of a final administrative decision, a complaint filed within the time limit established by this Section may be amended to add an employee, agent, or member of an administrative agency, board, committee, or government entity, who acted in an official capacity as a party of record to the administrative proceeding, if the administrative agency, board, committee, or government entity is a party to the administrative review action. If the director or agency head, in his or her official capacity, is a party to the administrative review, a complaint filed within the time limit established by this Section may be amended to add the administrative agency, board, committee, or government entity." 735 ILCS 5/3--103(2) (West 2004).

Likewise, the 1997 amendments added the following language to section 3--107(a):

"No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an employee, agent, or member, who acted in his or her official capacity, of an administrative agency, board, committee, or government entity, where the administrative agency, board, committee, or government entity, has been named as a defendant as provided in this Section. Naming the director or agency head, in his or her official capacity, shall be deemed to include as defendant the administrative agency, board, committee, or government entity that the named defendants direct or head. No action for administrative review shall be dismissed for lack of jurisdiction based upon the failure to name an administrative agency, board, committee, or government entity, where the director or agency head, in his or her official capacity, has been named as a defendant as provided in this Section." (Emphasis added.) 735 IlCS 5/3--107(a) (West 2004).

The plaintiff points out that unlike the amendment to section 3--107(a), including the emphasized language above, the exception set forth in section 3--103(2), relating to the addition of an unnamed administrative agency, does not require that the named director direct or head the unnamed administrative agency. Rather, the pertinent language of section 3--103(2) states only that "[i]f the director or agency head, in his or her official capacity, is a party to the administrative review, a complaint filed within the time limit established by this Section may be amended to add the administrative agency, board, committee, or government entity." 735 ILCS 5/3--103(2) (West 2004). Thus, the plaintiff argues that since he named the Director, his complaint can be amended to add the administrative agency, namely, the Board. The plaintiff argues that pursuant to the plain language of section 3--103(2), the Director need not direct or head the Board for the exception to apply. We disagree with the plaintiff's interpretation of section 3--103(2).

"The primary rule of statutory construction is to ascertain and give effect to the legislature's 'true intent and meaning.' " Vine Street Clinic v. HealthLink, Inc., 222 Ill. 2d 276, 282 (2006), quoting Bowman v. American River Transportation Co., 217 Ill. 2d 75, 83 (2005). " 'Legislative intent can be ascertained from a consideration of the entire Act, its nature, its object and the consequences that would result from construing it one way or the other.' " Read v. Sheahan, 359 Ill. App. 3d 89, 92 (2005), quoting Fumarolo v. Chicago Board of Education, 142 Ill. 2d 54, 96 (1990). " 'We determine legislative intent by examining the language of the statute, which is "the most reliable indicator of the legislature's objectives in enacting a particular law." ' [Citations.]" Vine Street Clinic, 222 Ill. 2d at 276. "Where that language is clear, it must be given effect without resort to other interpretive aids, and the court should not depart from its plain meaning by reading into the language exceptions, limitations or conditions not expressed by the legislature ***. [Citation.]

However, if a statute is susceptible to more than one reasonable interpretation, its language is ambiguous and we can consider extrinsic aids of interpretation, such as the reason and necessity for the statute and the purpose served by it." Read, 359 Ill. App. 3d at 92.

Whether the exception in section 3--103(2) requires that the named director or agency head direct or head the unnamed administrative agency, board, committee, or government entity is unclear; thus the language is ambiguous. As such, we may look beyond the language as written to discern the drafter's intent and consider the reason and necessity for the statute and the purpose served by it. Read, 359 Ill. App. 3d at 92. "A fundamental principle of statutory construction is to view all provisions of a statutory enactment as a whole. Accordingly, words and phrases should not be construed in isolation, but must be interpreted in light of other relevant provisions of the statute." DeLuna, 223 Ill. 2d at 60; see also Primeco Personal Communications, L.P. v. Illinois Commerce Comm'n, 196 Ill. 2d 70, 87-88 (2001), citing Michigan Avenue National Bank v. County of Cook, 191 Ill. 2d 493, 504 (2000) (a statute should be construed as a whole, with each provision evaluated in connection with every other section). Moreover, under the doctrine of in pari materia, two statutes dealing with the same subject will be considered with reference to each other, "so that they may be given harmonious effect." Land v. Board of Education of the City of Chicago, 202 Ill. 2d 414, 422 (2002). This doctrine is also applicable to different sections of the same statute and is consonant with one of our fundamental rules of statutory construction--"to view all of the provisions of a statute as a whole." Land, 202 Ill. 2d at 422.

As stated previously, sections 3--103(2) and 3--107(a) of the Review Law were simultaneously amended by Public Act 89--685 (House Bill 346). The two exceptions to timely filing requirements contained in section 3--103(2) track the simultaneous changes to section 3--

107(a) using almost identical language. We believe that the legislature intended that the language in each section of the statute set forth the same exceptions to the filing requirements. See Land, 202 Ill. 2d at 422. A review of the legislative history of the 1997 amendments supports our determination. When introducing the legislation, Senator Hawkinson stated the following:

"[House Bill 346] allows a plaintiff in an administrative review action to obtain service on the agency if they have already served the agency head or to refile against an employee acting in his official capacity if they have already served the agency. Without this change, we're finding them--some cases are being dismissed because all necessary parties have not been named and served." 89th Ill. Gen. Assem., Senate Proceedings, May 8, 1996, at 12-13 (statements of Senator Hawkinson).

Based on the legislative history, we cannot agree with the plaintiff's argument that he is entitled to amend his complaint to add the Board because he named the Director. The foregoing comments of Senator Hawkinson indicate that an administrative agency can be added only if the head of the agency was named in the original complaint. As discussed previously, the Director is not the head of the Board, and, therefore, the exception in section 3--103(2) does not apply in this case.

Recent cases provide further support for our construction of section 3--103(2). In ESG Watts, Inc. v. Pollution Control Board, 191 Ill. 2d 26, 36 (2000), the court stated that the legislature has never generally departed from the requirement that a petition for administrative review must name all parties of record. The ESG Watts court further stated that the only exceptions the legislature has carved out are to: (1) allow a plaintiff 21 days to name and serve any party of record that the administrative agency failed to name as a party of record in the agency's final order; (2) prohibit dismissal of an action for the failure to name an employee, agent, or member, acting in his

or her official capacity, when the board, committee, agency, or governmental entity has been named; and (3) provide that naming a director or agency head in his or her official capacity shall be deemed to include the agency, board, committee, or entity that the director or agency head directs or heads. ESG Watts, 191 Ill. 2d 35-36. The first exception is set forth in section 3--107(a) of the Review Law. The second and third exceptions are set forth in sections 3--103(2) and 3--107(a). As such, it is clear that the ESG Watts court interpreted the exceptions in each section to be identical. If not, the ESG Watts court would have noted a fourth exception allowing the addition of any agency, board, committee, or entity as long as any director or agency head was named. Tellingly, no such exception is discussed.

Furthermore, in McGaw, the plaintiff-employer sought review of a decision by the Board awarding unemployment insurance benefits to the claimant. McGaw, 369 Ill. App. 3d at 43. The plaintiff's complaint named the IDES and the Director, but not the Board, as defendants. McGaw, 369 Ill. App. 3d at 43. The trial court dismissed the action and denied the plaintiff leave to amend its complaint to add the Board. McGaw, 369 Ill. App. 3d at 43. The reviewing court noted that sections 3--103(2) and 3--107(a) create exceptions to the rule that a complaint for administrative review that fails to name all necessary parties within the 35-day limitation period must be dismissed without leave to amend. McGaw, 369 Ill. App. 3d at 44. The reviewing court determined that the exceptions found in section 3--103(2) should be read in conformity with those in section 3--107(a), so that a timely filed complaint for administrative review of a decision by the Board may be amended to add the Board as a defendant only if the complaint already named "the Board's director or agency head." McGaw, 369 Ill. App. 3d at 45; see also Veazey, 322 Ill. App. 3d at 605 ("While naming the Director in her official capacity would have been sufficient to include the Department as a defendant

if the complaint had *** not named the Department, it is inadequate to join the Board as a party"); Fedorev, 305 Ill. App. 3d at 357 (same).

The plaintiff next contends that the failure to name a required defendant is not jurisdictional and that he should be allowed to amend his complaint to add the Board under the "good faith" exception for defects in commencing a suit under the Review Law, set forth in Lockett v. Chicago Police Board, 133 Ill. 2d 349, 355 (1990), rev'd on other grounds, Nudell v. Forest Preserve District of Cook County, 207 Ill. 2d 409, 415 (2003). At issue in Lockett was whether the superintendent of the Chicago police department was a necessary party to the plaintiff's action for administrative review and, if so, whether the failure to join the superintendent as a party and to issue summons could be cured by amendment made after the expiration of the 35-day period. Lockett, 133 Ill. 2d at 352. Our supreme court in Lockett held that absent a good-faith effort on the part of the plaintiff to name and serve a necessary party as required by the Review Law, dismissal of the complaint for review, without granting the plaintiff leave to amend, is required. Lockett, 133 Ill. 2d at 355; see Veazey, 322 Ill. App. 3d at 605.

The Lockett court determined that the superintendent was a necessary party. Lockett, 133 Ill. 2d at 354. The Lockett court also noted that there was no dispute that the superintendent was not named as a defendant and summons was not issued on him within the 35-day period. Lockett, 133 Ill. 2d at 355. As such, the Lockett court determined that the plaintiff's complaint was properly dismissed by the trial court. Lockett, 133 Ill. 2d at 356. In so ruling, the Lockett court noted that the record did not disclose any evidence of a good-faith effort to comply with the requirements of the Review Law. Lockett, 133 Ill. 2d at 355.

In Stanley v. Department of Employment Security, 235 Ill. App. 3d 992 (1992), this court explained that in Lockett our supreme court noted that in cases where the 35-day requirement had been relaxed, the plaintiffs had made good-faith efforts to issue summons within the statutory period. Stanley, 235 Ill. App. 3d at 997; see Lockett, 133 Ill. 2d at 355. Nevertheless, due to some circumstance beyond their control, summons were not issued within the statutory period. Stanley, 235 Ill. App. 3d at 997; see Lockett, 133 Ill. 2d at 355. The Stanley court noted that the "plaintiff's failure to serve summons was inextricably related to his failure properly to name the Board as a defendant." Stanley, 235 Ill. App. 3d at 997. "It was not attributable to any act or omission by anyone responsible for issuing or serving a summons otherwise properly requested by the plaintiff." Stanley, 235 Ill. App. 3d at 997, citing Lockett, 133 Ill. 2d at 355. As such, the Stanley court determined:

"The failure properly to name a necessary party as a defendant cannot be said to excuse the timely service of summons or otherwise constitute a good-faith effort in complying with the statute where, as here, the law clearly required the Board to be named as a defendant. [Citation.] Any such interpretation of Lockett would create an impermissibly broad exception to the requirements of the [Review Law] inconsistent with the purpose of those requirements. We decline to equate a plaintiff's failure to comply with the clear statutory requirements of the [Review Law] with a well-intentioned but uncontrollable lack of compliance." Stanley, 235 Ill. App. 3d at 997.

As in Lockett, Stanley, and Veazey, the plaintiff here has failed to offer any evidence demonstrating a good-faith effort to name and serve the Board in accordance with the Review Law. Undoubtedly, the plaintiff's failure to serve the Board with summons stemmed from his failure to

name the Board as a defendant in his complaint. "The lack of evidence of a good-faith effort on the plaintiff's behalf [to name the Board as a defendant] is fatal to the plaintiff's complaint for administrative review and, thus, compels dismissal without leave to amend." Veazey, 322 Ill. App. 3d at 606; see Lockett, 133 Ill. 2d at 355-56; Stanley, 235 Ill. App. 3d at 997.

The plaintiff next contends that he is entitled to amend his complaint to add the Board under equitable tolling principles. The concept of equitable tolling usually applies to statutes of limitations, not limitations periods that are inherent parts of the right of action created. Larrance v. Human Rights Comm'n, 166 Ill. App. 3d 224, 231-32 (1988). A significant distinction exists between a statute of limitations and a statute that both confers jurisdiction on a court and fixes a time within which such jurisdiction may be exercised. Fredman Brothers Furniture Co. v. Department of Revenue, 109 Ill. 2d 202, 209 (1985). A statute that creates a substantive right unknown to the common law and makes time an inherent element of the right so created is not a statute of limitations. Fredman Brothers, 109 Ill. 2d at 209. The Review Law's 35-day deadline for filing an administrative review action is not a statute of limitations, rather it is an inherent part of the right of action created. Fredman Brothers, 109 Ill. 2d at 208-211; Larrance, 166 Ill. App. 3d at 231-32. Accordingly, equitable tolling principles do not apply to this case. See Larrance, 166 Ill. App. 3d at 231-32; see also Charleston Community Unit School District No. 1 v. Illinois Educational Labor Relations Board, 203 Ill. App. 3d 619, 623 (1990) (Illinois precedent indicates that time limitations upon bringing actions before administrative agencies are matters of jurisdiction, which cannot be tolled).

In so ruling, we note that the plaintiff relies on Irwin v. Department of Veterans Affairs, 498 U.S. 89, 112 L. Ed. 2d 435, 111 S. Ct. 453 (1990), to argue that equitable tolling applies. In Irwin,

the Supreme Court held that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States. Irwin, 498 U.S. at 95-96, 112 L. Ed. 2d at 443-44, 111 S. Ct. at 457. The plaintiff believes that this holding requires this court to apply equitable tolling in this case. The plaintiff is mistaken. While we are bound to follow the United States Supreme Court's interpretation of the Constitution of the United States, we are not bound to extend its decisions to issues not specifically decided, especially where to do so would require overruling settled state law. People v. Wagener, 196 Ill. 2d 269, 287 (2001). The issue in this case is whether equitable tolling should be applied to a jurisdictional time limit contained in the Review Law. As this was not at issue in Irwin, we are not bound by its decision. Additionally, the law in Illinois is well settled that a complaint for administrative review cannot be amended to add the Board under the circumstances in this case. See McGaw, 369 Ill. App. 3d at 45; Veazey, 322 Ill. App. 3d at 605; Fedorev, 305 Ill. App. 3d at 357. Furthermore, in Logan v. Zimmerman Brush Co., 455 U.S. 422, 437, 71 L. Ed. 2d 265, 279, 102 S. Ct. 1148, 1158 (1982), the Supreme Court held that a state certainly accords due process when it terminates a claim for failure to comply with a reasonable procedural requirement. In the present case, the plaintiff cannot complain of a due process violation, because the dismissal of his administrative review action was the result of his own failure to satisfy the reasonable statutory requirements of the Review Law.

Moreover, even if we were required to follow Irwin in the present case, we would still not apply the doctrine of equitable tolling. Irwin cautioned that courts should extend equitable relief only sparingly and when appropriate. Irwin, 498 U.S. at 95-96, 112 L. Ed. 2d at 443-44, 111 S. Ct. at 457. In United States v. Beggerly, 524 U.S. 38, 48, 141 L. Ed. 2d 32, 41, 118 S. Ct. 1862, 1868 (1998), the Supreme Court stated that "[e]quitable tolling is not permissible where it is inconsistent

with the text of the relevant statute." In the present case, equitable tolling is inconsistent with the text of the Review Law. The Review Law specifically states that a complaint to review a final administrative decision must be filed within 35 days from the date that a copy of the decision was served upon the party affected by the decision. 735 ILCS 5/3--103 (West 2004). Sections 3--103(2) and 3--107(a) then set forth specific instances when a complaint may be amended to name the proper parties, if the proper parties were not named within the 35-day time limit. 735 ILCS 5/3--103(2), 3--107(a) (West 2004). Because the statute is so specific as to amendments allowing the addition of proper parties following the expiration of the 35-day time limit, the Review Law manifestly excludes equitable tolling. See United States v. Brockamp, 519 U.S. 347, 352, 136 L. Ed. 2d 818, 823, 117 S. Ct. 849, 852 (1997) (statute not subject to equitable tolling in light of plain statutory language and the existence of explicit exceptions to its time limits that did not include "equitable tolling").

Finally, the plaintiff contends that he should have been allowed to amend his complaint to add the Board under section 2--616(d) of the Code (735 ILCS 5/2--616(d) (West 2004)) and under Rule 15 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 15). However, as the Federal Rules of Civil Procedure govern the procedure in civil suits in the United States district courts (see Fed. R. Civ. P. 1, 81), these rules do not bind state courts and, therefore, Rule 15 is inapplicable here. With respect to section 2--616(d) of the Code, the plaintiff's argument has been repeatedly rejected. See McGaw, 369 Ill. App. 3d at 42 (section 2--616(d) of the Code does not apply to causes of action brought under the Review Law); Shaw v. Department of Employment Security, 243 Ill. App. 3d 844, 848-49 (1993); see also New York Carpet World, Inc. v. Department of Employment Security, 283 Ill. App. 3d 497, 504 (1996) ("the specific requirement that an administrative-review summons issue

against required defendants within 35 days controls over the more general Code section 2--616(d) permitting the addition of defendants").  Accordingly, this argument also has no merit.

For the foregoing reasons, the judgment of the circuit court of McHenry County is affirmed.

Affirmed.

HUTCHINSON and BYRNE, JJ., concur.

_____

_____