WILLIE B. HADLEY, JR., Plaintiff-Appellant, v. JIM RYAN, Attorney General, *et al.*, Defendants-Appellees.

Fourth District    No. 4—02—0421

Opinion filed November 18, 2003.

Willie B. Hadley, Jr., of Ina, appellant *pro se.*

Lisa Madigan, Attorney General, of Chicago (Carol A. Cera, Assistant Attorney General, of counsel), for appellees.

JUSTICE MYERSCOUGH delivered the opinion of the court:

In August 2001, plaintiff, Willie B. Hadley, Jr., filed a *pro se mandamus* complaint in the circuit court of Sangamon County, alleging that defendants, Jim Ryan, Donald N. Snyder, Jr., and Guy Pierce, failed to perform their ministerial duties. The trial court dismissed the petition for failure to state a cause of action in *mandamus*. Plaintiff appeals, and we affirm.

## I. BACKGROUND

The record shows that on February 2, 2000, plaintiff was transferred to the Pinckneyville Correctional Center (PCC) from Stateville Correctional Center. Two days later, plaintiff was given a room key. On or about June 28, 2000, plaintiff gave the key back because it was cracked. Officer Runge asked plaintiff if he was going to sign the "Request for Payment" for the cracked key. Plaintiff refused to sign, and Lt. Kolweier wrote "I/M refused to sign" on the signature line. John Batteau, business manager of PCC, then transferred the five dollars for the key from plaintiff's trust fund account. Plaintiff sent Jim Ryan, then Attorney General, a complaint charging Batteau, Runge, and Kolweier with financial exploitation of a disabled person, deceptive practices, forgery, and official misconduct. The Attorney General has not filed any charges in the matter.

On June 16, 2000, plaintiff filed a grievance report concerning events that had taken place that day. Plaintiff stated that two officers came into his room and informed him that inmates were no longer allowed to have their headphones out of their property boxes and that inmates could not hang their towels on bed rails to dry. Plaintiff also stated in his grievance report that since his arrival at PCC on February 2, 2000, correctional officers had entered his cell every morning and "shook it down" without preparing a shakedown slip. The grievance officer recommended that plaintiff's grievance be denied. Director Snyder also denied plaintiff's appeal of the grievance officer's decision.

On July 7, 2000, plaintiff requested to see a "computer printout of all warehouse invoices and expenditures from October 27, 1998, through July 3, 2000." Brian Fairchild, freedom of information officer for the Illinois Department of Corrections (IDOC), replied to plaintiff that he needed to clarify his request. Plaintiff replied and specified that he wanted a printout of the PCC warehouse. Fairchild then denied

plaintiff's, request as burdensome and exempt under the Freedom of Information Act (Act) (5 ILCS 140/1 through 11 (West 2000)). Plaintiff appealed this decision to Snyder, who denied plaintiff's request.

In August 2000, plaintiff filed a *mandamus* complaint in the Sangamon County circuit court. Count I of the complaint alleged that defendant Ryan willfully and wantonly refused to initiate criminal proceedings against three PCC prison officials in violation of plaintiff's state constitutional and statutory rights. Count II of the complaint alleged that defendant Snyder denied plaintiff access to public information in violation of the Act. In count III, plaintiff alleged that Snyder allowed defendant Pierce to refuse to comply with departmental rules, relating to morning cell searches. On August 23, 2001, defendants Ryan and Snyder filed a motion to dismiss plaintiff's complaint pursuant to section 2—615 of the Code of Civil Procedure (Code) (735 ILCS 5/2—615 (West 2000)). On September 21, 2001, defendant Pierce also filed a section 2—615 motion to dismiss the complaint. On October 12, 2001, plaintiff filed a motion to strike the appearance of the Illinois Attorney General's office. On November 21, 2001, plaintiff filed a motion for leave to file an amended complaint, which contained an additional claim. On April 11, 2002, following a telephone conference, the circuit court denied plaintiff's motion for leave to file an amended complaint and dismissed the complaint for failure to state a cause of action. This appeal followed.

## II. ANALYSIS

On appeal, plaintiff argues that the circuit court erred in dismissing his petition because his petition states an action in *mandamus* and the facts presented support his petition.

■ The circuit court dismissed plaintiff's complaint pursuant to section 2—615 of the Code. 735 ILCS 5/2—615 (West 2002). The question presented by a section 2—615 motion is whether the complaint sets forth sufficient facts which, if established, could entitle the plaintiff to relief. *Bryson v. News America Publications, Inc.*, 174 Ill. 2d 77, 86, 672 N.E.2d 1207, 1214 (1996). In ruling on a section 2—615 motion, a circuit court must accept all well-pleaded facts in the complaint as true and draw reasonable inferences from those facts that are favorable to the pleader. *Bryson*, 174 Ill. 2d at 86, 672 N.E.2d at 1213-14. A cause of action should not be dismissed on the pleadings unless it clearly appears that no set of facts can be proved under the pleadings that will entitle the plaintiff to recover. *Reuben H. Donnelley Corp. v. Brauer*, 275 Ill. App. 3d 300, 302, 655 N.E.2d 1162, 1165 (1995). The issue of whether a complaint states a cause of action is reviewed *de novo*. *Vernon v. Schuster*, 179 Ill. 2d 338, 344, 688 N.E.2d 1172, 1175 (1997).

■ Defendants also asserted the affirmative defense of *laches* in their section 2—615 motion to dismiss. This assertion can be made in a section 2—615 motion to dismiss if from the pleadings (1) an unreasonable delay appears, (2) no sufficient excuse for the delay is pleaded, and (3) the section 2—615 motion alleges there is a defect. *Senese v. Climatemp, Inc.*, 222 Ill. App. 3d 302, 317, 582 N.E.2d 1180, 1190 (1991). Section 2—615 motions to dismiss are subject to a *de novo* standard of review. *Kedzie & 103rd Currency Exchange, Inc. v. Hodge*, 156 Ill. 2d 112, 116, 619 N.E.2d 732, 735 (1993).

■ We also note that the trial court failed to specify the grounds upon which it relied in granting defendants' motion to dismiss. When this situation occurs, we will presume the trial court granted the motion upon one of the grounds urged by defendants. *Zielinski v. Miller*, 277 Ill. App. 3d 735, 739, 660 N.E.2d 1289, 1292 (1995).

## A. The Trial Court Did Not Err in Dismissing Plaintiff's *Mandamus* Complaint

■ *Mandamus* is a civil proceeding governed by sections 14—101 through 14—109 of the Code (735 ILCS 5/14—101 through 14—109 (West 2002)). *Mandamus* relief is an extraordinary remedy used to direct a public official or body to perform a ministerial duty that does not involve the exercise of judgment or discretion. *Romero v. O'Sullivan*, 302 Ill. App. 3d 1031, 1034, 707 N.E.2d 986, 988 (1999). *Mandamus* is appropriate relief only where a petitioner can demonstrate a clear right to the requested relief, the respondent's clear duty to act, and the respondent's clear authority to comply with the terms of the writ. *Romero*, 302 Ill. App. 3d at 1034, 707 N.E.2d at 988. "*Mandamus* cannot be used to direct a public official or body to reach a particular decision or to exercise its discretion in a particular manner, even if the judgment or discretion has been erroneously exercised." *Crump v. Illinois Prisoner Review Board*, 181 Ill. App. 3d 58, 60, 536 N.E.2d 875, 877 (1989), citing *Daley v. Hett*, 113 Ill. 2d 75, 80, 495 N.E.2d 513, 515-16 (1986). Moreover, the state supreme court has implied that *mandamus* would be appropriate to compel prison officials to follow their own rules. *Taylor v. Franzen*, 93 Ill. App. 3d 758, 765, 417 N.E.2d 242, 247 (1981); see *People ex rel. Johnson v. Pate*, 47 Ill. 2d 172, 177, 265 N.E.2d 144, 147-48 (1970).

### 1. *Attorney General Ryan Performed a Discretionary Duty*

■ Plaintiff's count I alleged that Attorney General Ryan failed to perform a ministerial duty by not prosecuting defendants named in plaintiff's criminal complaint. Article 5, section 15, of the Illinois Constitution of 1970 states that the "Attorney General shall be the legal officer of the State, and shall have the duties and powers that

may be prescribed by law." Ill. Const. 1970, art. V, § 15. Moreover, the Attorney General Act states "[t]he duties of the attorney general shall be *** [t]o institute and prosecute all actions and proceedings in favor of or for the use of the state, which may be necessary in the execution of the duties of any state officer." 15 ILCS 205/4 (West 2002). Usually the legislature's use of the word "may" is regarded as indicating a permissive or directory reading, while the use of the word "shall" is considered to express a mandatory reading. *People v. Reed*, 177 Ill. 2d 389, 393, 686 N.E.2d 584, 586 (1997).

The statute indicates that the Attorney General has discretion in choosing what actions to prosecute. This discretion is necessary when considering the volume of complaints that the Attorney General receives each year. If the Attorney General were required to prosecute every complaint he or she received, this would produce a tremendous burden on the office of the Attorney General. This would also result in tax dollars wasted by forcing the Attorney General to prosecute all claims, no matter how frivolous or trivial. Fortunately, the legislature recognized this and allowed the Attorney General discretion by inserting the language "which may be necessary" into the Attorney General Act (15 ILCS 205/4 (West 2000)). Ryan's decision not to prosecute in this case was an exercise in his official discretion, and even accepting all of plaintiff's well-pleaded facts as true, *mandamus* cannot be issued with respect to Ryan's decision.

## 2. *Defendants' Laches Argument*

■ Defendants contend that counts II and III of plaintiff's complaint are barred by *laches*. A complaint for *mandamus* must be brought within six months, unless there is a reasonable explanation for further delay. *Richter v. Collinsville Township*, 97 Ill. App. 3d 801, 804, 423 N.E.2d 549, 552 (1981); see also *Caruth v. Quinley*, 333 Ill. App. 3d 94, 99, 775 N.E.2d 224, 228 (2002). The mere passage of time itself does not bar relief, and a defendant must show that he has been materially prejudiced by the delay. *Richter*, 97 Ill. App. 3d at 804, 423 N.E.2d at 552. Moreover, facts constituting *laches* depend on the particular circumstances of each case, and the determination of the existence of the defense is left to the sound discretion of the trial court, whose decision ought not to be overturned unless there is a clear showing of an abuse of discretion. *Richter*, 97 Ill. App. 3d at 804-05, 423 N.E.2d at 552-53.

In plaintiff's response to defendants' motion to dismiss, plaintiff argued that his complaint was not barred by *laches* but did not provide a reasonable explanation for his delay in filing his complaint. Moreover, plaintiff filed for leave to amend after the defendants brought up the

*laches* defense in their section 2—615 motion. Therefore, plaintiff did have notice that defendants were asserting the affirmative defense of *laches* and should have provided a reason for the delay.

Contrary to plaintiff's contention that defendants have suffered no prejudice, we conclude that prejudice would occur to defendants if plaintiff were allowed to proceed. The IDOC inmates who might serve as witnesses may no longer be in the same prison or incarcerated at all. Moreover, the employees who were involved may have transferred or quit since that time, or even more likely, these employees would not be able to recall the events that occurred over six months ago. Possible records may have been disposed of in the ordinary course of business as well. Therefore, we find counts II and III of plaintiff's complaint are barred by *laches*.

### B. The Circuit Court Did Not Abuse Its Discretion in Failing To Rule on Plaintiff's Motion To Strike the Appearance of the Illinois Attorney General's Office

■ Plaintiff contends that the circuit court abused its discretion when it failed to rule on his motion to strike the appearance of the Attorney General. Plaintiff asserted a conflict of interest since Ryan was required to represent the interests of "all of the people of the State of Illinois," including prisoners as well as state employees. A failure to rule on a motion is not the equivalent to denying it. *Oscar George Electric Co. v. Metropolitan Fair & Exposition Authority*, 104 Ill. App. 3d 957, 962, 433 N.E.2d 958, 962 (1982). A state employee sued as a result of an act or omission occurring within the scope of employment shall be represented by the Attorney General. 5 ILCS 350/2(a) (West 2002). The Attorney General is limited in his representation of the people of the State of Illinois. 15 ILCS 205/4 (West 2002). The Attorney General does not represent private individuals. Hence, no conflict of interest existed in this case, and plaintiff suffered no prejudice by the circuit court's failure to rule on plaintiff's motion.

### C. The Circuit Court Did Not Abuse Its Discretion in Denying Plaintiff's Motion for Leave To File an Amended Complaint

■ Plaintiff finally contends that the circuit court abused its discretion in denying his motion for leave to file an amended complaint. We note that litigants have no absolute right to amend their complaint. *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452, 460, 654 N.E.2d 1109, 1117 (1995). The circuit court should consider several factors in determining whether to allow an amendment, including whether the amendment would cure a defect in the pleadings; whether the other party would be prejudiced or surprised by the proposed amendment; the

timeliness of the proposed amendment; and whether there were previous opportunities to amend the pleadings. *Lee v. Chicago Transit Authority*, 152 Ill. 2d 432, 467-68, 605 N.E.2d 493, 508 (1992). This decision rests within the circuit court's discretion and will not be disturbed on review absent an abuse of discretion. *Lake County*, 275 Ill. App. 3d at 461, 654 N.E.2d at 1117. The test to determine whether the trial court properly exercised its discretion is " 'whether allowance of the amendment furthers the ends of justice.' " *Kumaran v. Brotman*, 247 Ill. App. 3d 216, 225, 617 N.E.2d 191, 198 (1993), quoting *Ray Dancer, Inc. v. DMC Corp.*, 230 Ill. App. 3d 40, 48, 594 N.E.2d 1344, 1349 (1992).

■ The amended complaint, notwithstanding the addition of a new unrelated count, did not provide any substantive additions or changes to the allegations contained in the original complaint. Plaintiff merely sought the additional remedies of injunctive and declaratory relief. The amended complaint did not cure plaintiff's claim against Ryan since the new allegation that Ryan failed to investigate plaintiff's criminal complaint does not allege facts that show Ryan failed to perform a purely ministerial duty. With respect to counts II and III, plaintiff again failed to offer a reason for the delay in bringing the action, and, therefore, plaintiff did not negate the *laches* defense. The new count also did not cure the defects in the original complaint. The trial court, therefore, did not abuse its discretion in denying plaintiff's motion for leave to file an amended complaint.

## III. CONCLUSION

For the reasons stated, we affirm the trial court.

Affirmed.

KNECHT and STEIGMANN, JJ., concur.