NOTICE

Decision filed 12/27/22. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2022 IL App (5th) 220093-U

NO. 5-22-0093

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| LAWRENCE ADAMCZYK, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Jefferson County. |
| | ) | |
| v. | ) | No. 21-SC-355 |
| | ) | |
| HEATHER YOUNG, | ) | Honorable |
| | ) | Evan L. Owens, |
| Defendant-Appellee. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE BOIE delivered the judgment of the court.
Justices Moore and Vaughan concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The circuit court did not abuse its discretion by allowing the Attorney General's office to represent the defendant, a state employee, where such representation did not create a conflict of interest. The court correctly found that the plaintiff's lawsuit seeking damages for alleged breaches of the defendant's contractual and statutory obligations to detainees under the Sexually Dangerous Persons Act (725 ILCS 205/1.01 *et seq.* (West 2018)) was barred under the State Lawsuit Immunity Act (745 ILCS 5/0.01 *et seq.* (West 2018)).

¶ 2    The plaintiff, Lawrence Adamczyk, is committed to Big Muddy Correctional Center pursuant to the Sexually Dangerous Persons Act (SDP Act) (725 ILCS 205/1.01 *et seq.* (West 2018)). He filed a small claims complaint against the defendant, Heather Young, one of his therapists, seeking damages for alleged breaches of contractual obligations and fiduciary obligations he alleged arose under the SDP Act. The circuit court dismissed the complaint, finding that it was barred by sovereign immunity under the State Lawsuit Immunity Act. See 745 ILCS

1

5/1 (West 2018). The plaintiff appeals that ruling, arguing that (1) the circuit court erred in allowing the Office of the Attorney General to represent the defendant because it had a conflict of interest; (2) the court erroneously concluded that it lacked jurisdiction over his claim under the State Lawsuit Immunity Act; and (3) the SDP Act is unconstitutional. We affirm the circuit court's judgment.

¶ 3                    I. BACKGROUND

¶ 4    On July 26, 2021, the plaintiff filed his *pro se* small claims complaint against the defendant. He argued that the SDP Act made the Illinois Department of Corrections (IDOC) his legal guardian (see 725 ILCS 205/8 (West 2018)), and that the defendant breached a fiduciary duty imposed on her by the SDP Act and obligations under a written agreement. Specifically, he alleged that he was "illegally sent to IDOC" because he did not meet the statutory definition of a sexually dangerous person; that IDOC hired the defendant "in part to release [him] as soon as possible"; that the defendant allowed detainees to be held under conditions of confinement that were "designed to punish" them; that she failed to report abuse of elderly and disabled detainees, something she knew would cause the plaintiff emotional distress; and that when he asked the defendant if section 10 of the SDP Act (*id.* § 10) allowed her to request that the court reconsider the need to detain him, she told him she had never used that statute. The plaintiff requested $3600 in damages.

¶ 5    On September 17, 2021, after an assistant Attorney General entered her appearance on behalf of the defendant, the plaintiff filed a motion to restrain the Office of the Attorney General from representing the defendant. He argued that under principles of *parens patriae*, he was entitled to representation by the Attorney General, not the defendant.

¶ 6    On September 22, 2021, the defendant filed a motion to dismiss the plaintiff's complaint, arguing that his claim was barred under the State Lawsuit Immunity Act. The plaintiff filed a

2

written response to the motion to dismiss, alleging that the defendant "committed wrongful acts outside the scope of her job duties." He asserted that his suit was about two specific alleged wrongful acts—a breach of contract and a breach of the defendant's statutory duties under the SDP Act.

¶ 7    On November 1, 2021, the circuit court denied the plaintiff's motion to restrain the Office of the Attorney General from representing the defendant and set the defendant's motion to dismiss for a hearing on December 6, 2021. A docket entry indicates that, at the hearing, the plaintiff responded to the defendant's sovereign immunity argument by contending that the SDP Act gave the circuit court jurisdiction over his claims.

¶ 8    The circuit court granted the defendant's motion to dismiss on January 10, 2022. In a docket entry, the circuit court expressly found that the plaintiff sought money damages from the defendant for allegedly breaching her duties to him in her official capacity as a state employee. The court dismissed the complaint without prejudice. On February 7, the plaintiff filed a motion to reconsider that ruling, which the circuit court denied the same day. On February 18, 2022, the plaintiff filed this timely appeal.

¶ 9                                    II. ANALYSIS

¶ 10    The plaintiff first argues that the circuit court erred in allowing the Office of the Attorney General to represent the defendant. We reject this contention.

¶ 11    Whether to disqualify the Attorney General or any other attorney based on a conflict of interest is a matter within the sound discretion of the circuit court. We will not overturn the circuit court's determination absent an abuse of its discretion, which occurs only where no reasonable person could take the position of the circuit court. *Arnett v. Markel*, 363 Ill. App. 3d 1136, 1142 (2006).

¶ 12     In support of the plaintiff's contention that the Office of the Attorney General had a conflict of interest, he cites to section 8 of the SDP Act, which provides that the Director of IDOC is the guardian of people detained under the SDP Act. 725 ILCS 205/8 (West 2018). The plaintiff argues that this provision makes IDOC an agent of detainees and creates an obligation for the Office of the Attorney General to represent their interests, thus leading to a conflict of interest if it represents the defendant in his lawsuit. We are not persuaded.

¶ 13     We find guidance in the Fourth District's decision in *Hadley v. Ryan*, 345 Ill. App. 3d 297 (2003). There, the plaintiff filed a *mandamus* complaint against the Attorney General and various prison officials. *Id.* at 299-300. He filed a motion to strike the appearance of the Office of the Attorney General as counsel for the defendants. The circuit court dismissed the plaintiff's complaint without ruling on this motion. *Id.* at 300. On appeal, the plaintiff argued that the circuit court abused its discretion in failing to rule on his motion. He claimed that the Office of the Attorney General had a conflict of interest because it was required to represent the interests of " 'all of the people of the State of Illinois,' " including the plaintiff. *Id.* at 303. In rejecting this argument, the Fourth District emphasized that although the Office of the Attorney General represents the interests of the people of Illinois, it does not represent private individuals. *Id.*

¶ 14     The plaintiff in this case, like the plaintiff in *Hadley*, is a private citizen. Thus, any general obligation to represent his interests does not create a conflict with the Office of the Attorney General's specific obligation to represent state employees, such as the defendant, in legal proceedings. See 5 ILCS 350/2(a) (West 2018).

¶ 15     The plaintiff argues, however, that the Office of the Attorney General should be representing him rather than the defendant because of obligations imposed on IDOC as his guardian by the SDP Act. As stated previously, the SDP Act requires that the Director of IDOC be

appointed as guardian of detainees such as the plaintiff. 725 ILCS 205/8 (West 2018). It also imposes certain obligations on the Director of IDOC as their guardian. For example, IDOC is required to provide care and treatment to detainees and to place them in IDOC facilities set aside for the treatment and care of sexually dangerous persons. *Id.* Significantly, however, it does not impose an obligation to represent detainees in court as individuals, nor does it impose a general obligation on IDOC to act as an agent for detainees. We thus find no merit to the plaintiff's contention and no abuse of the circuit court's discretion in its decision to deny his motion to restrain the Office of the Attorney General from representing the defendant.

¶ 16    The plaintiff next contends that the circuit court erred in granting the defendant's motion to dismiss on grounds of sovereign immunity. We disagree.

¶ 17    A motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)) admits (or assumes) the legal sufficiency of the plaintiff's complaint but asserts the existence of affirmative matters outside the complaint that defeat the plaintiff's claims. *Wilson v. Quinn*, 2013 IL App (5th) 120337, ¶ 11. In ruling on a 2-619 motion, we accept all well-pleaded facts in the complaint as true, and we draw all reasonable inferences in favor of the nonmoving party. *Leetaru v. Board of Trustees of the University of Illinois*, 2015 IL 117485, ¶ 4. We review *de novo* the circuit court's decision to grant a 2-619 motion to dismiss for lack of subject matter jurisdiction. *Id.* ¶ 41.

¶ 18    At common law, sovereign immunity barred any suit against the government unless the government consented to be sued. *Wilson*, 2013 IL App (5th) 120337, ¶ 12. The Illinois Constitution of 1970 abolished sovereign immunity except as provided by the legislature. *Brandon v. Bonell*, 368 Ill. App. 3d 492, 503 (2006) (citing Ill. Const. 1970, art. XIII, § 4). The State Lawsuit Immunity Act was enacted shortly thereafter. It bars suits against the State of Illinois except as

provided under the Illinois Labor Relations Act or the Court of Claims Act. *Id.* Pertinent to this appeal, the Court of Claims Act provides that the Court of Claims has exclusive jurisdiction over (1) all claims against the State of Illinois based on any state laws or regulations except workers' compensation claims and administrative review actions, (2) claims against the State based on contracts entered into with the State, and (3) tort claims against the State seeking damages. 705 ILCS 505/8(a), (b), (d) (West 2018). The question in this case is whether the plaintiff's complaint is a claim against the State.

¶ 19    The fact that an individual state employee is named as a defendant, rather than the State of Illinois itself, is not dispositive. *Brandon*, 368 Ill. App. 3d at 504. The question is one of substance, rather than form. *Leetaru*, 2015 IL 117485, ¶ 44. Whether an action is against the State depends on the issues raised and the relief requested. *Brandon*, 368 Ill. App. 3d at 504. In assessing the issues raised, an action is considered to be one against the State if (1) the complaint contains no allegations that the state employee named as a defendant has acted beyond the scope of his or her authority through wrongful acts; (2) the duty allegedly breached is not a duty owed to the general public, independent of the defendant's state employment; and (3) the conduct at issue involves matters within the employee's normal and official state functions. *Jinkins v. Lee*, 209 Ill. 2d 320, 330 (2004) (quoting *Healy v. Vaupel*, 133 Ill. 2d 295, 309 (1990)). Courts must also consider whether the relief requested could control the actions of the State or subject it to liability. *Id.* Here, the plaintiff seeks money damages. Thus, he is requesting relief that could subject the State to liability.

¶ 20    Turning to the issues raised, the factual allegations of the plaintiff's complaint relate to matters that are within the scope of the defendant's normal and official duties as a state employee— determining whether a detainee remains subject to continued commitment under the SDP Act and

6

providing appropriate conditions of confinement to detainees. In addition, the duties the plaintiff alleges the defendant breached flow from (1) a contract she allegedly entered into with the State and (2) the requirements of the SDP Act. These are not duties owed to the general public, nor are they independent of her state employment.

¶ 21     In considering whether the complaint contains any allegations that the defendant acted beyond her authority by committing wrongful acts, it is worth noting that virtually any complaint alleges some sort of wrongful conduct. As the Fourth District explained, however, "[b]ecause sovereign immunity presupposes the possibility of a legal wrong by a state employee [citation], and legal wrongs are, *per se*, unauthorized, the relevant question cannot be whether the employee had authority to commit the legal wrong. Instead, the question is whether the employee intended to perform some function within the scope of his or her authority when committing the legal wrong." *Jackson v. Alverez*, 358 Ill. App. 3d 555, 561 (2005). Here, the plaintiff alleges that the defendant refused to recommend to a court that he was not in need of commitment under the SDP Act; that she failed to report improper treatment of elderly and disabled detainees; and that she improperly performed various duties as a therapist employed by IDOC to treat detainees. All of these allegations involve functions within the scope of the defendant's authority. As such, the issues raised by the plaintiff's complaint and the relief sought demonstrate that the plaintiff's claim is against the State.

¶ 22     The plaintiff argues, however, that the SDP Act confers jurisdiction on the circuit court. In support of his contention, he cites section 2, which provides that jurisdiction over proceedings under the SDP Act "is vested in the circuit courts in this State, for the purpose of conducting hearings for commitment and detention of such persons, as hereinafter provided." 725 ILCS 205/2

7

(West 2018). The plaintiff asserts that his complaint seeks to enforce rights under the SDP Act and argues that, as such, this litigation constitutes a proceeding under the SDP Act.

¶ 23    We reject the plaintiff's contention for two reasons. First, his argument overlooks the express language in the statute providing that jurisdiction is vested in the circuit courts "for the purpose of conducting hearings for commitment and detention of" sexually dangerous persons. *Id.* Although the plaintiff asserts that he is not subject to commitment, his complaint seeks damages from the defendant; it does not contain a request for a hearing to determine whether he is still subject to commitment. See *id.* § 9.

¶ 24    Second, the statute does not contain any language explicitly stating, "in affirmative language, that the State waives sovereign immunity." *Parmar v. Madigan*, 2018 IL 122265, ¶ 31. The supreme court addressed this requirement in *Parmar* while rejecting an argument similar to the one the plaintiff makes here. There, the plaintiff challenged the constitutionality of certain provisions of the Estate Tax Act and requested a refund of funds paid to the State Treasurer pursuant to those provisions. The circuit court dismissed the complaint pursuant to the State Lawsuit Immunity Act. *Id.* ¶ 1. The plaintiff argued that the circuit court had jurisdiction because section 15 of the Estate Tax Act gives circuit courts jurisdiction " 'to hear and determine all disputes in relation to a tax arising under' " the Estate Tax Act. *Id.* ¶ 29 (quoting 35 ILCS 405/15 (West 2014)).

¶ 25    In rejecting this contention, the supreme court first noted that the State Lawsuit Immunity Act provides that, with certain exceptions that were not applicable, "the 'State of Illinois shall not be made a defendant or party in any court.' " *Id.* ¶ 31 (quoting 745 ILCS 5/1 (West 2014)). The supreme court explained that the legislature "may, by statute, consent to liability of the State, but such consent must be clear and unequivocal." *Id.* The supreme court further explained that the

8

pertinent statute "must explicitly indicate, in affirmative language, that the State waives sovereign immunity." *Id.* The supreme court found no such explicit language in the statute relied upon by the plaintiff. Although the statute contained language referring to " 'all disputes' relating to a tax arising under the Estate Tax Act," the supreme court did not find this language sufficient to evince a legislative intent to waive sovereign immunity. See *id.* ¶ 32. The supreme court explained, "Statutes that use only general terms without an expressed intent to subject the State to liability will not be construed to impair or negate the State's immunity from suit established in the State Lawsuit Immunity Act." *Id.* Section 2 of the SDP Act likewise contains no language explicitly waiving sovereign immunity. As such, we do not interpret that statute as waiving the applicability of the State Lawsuit Immunity Act.

¶ 26    The plaintiff also points to section 8(a)(ii) of the Court of Claims Act, which excludes actions for administrative review from the jurisdiction of the Court of Claims. See 705 ILCS 505/8(a)(ii) (West 2018). He asserts that this action is one for administrative review. This is so, he contends, because (1) the prosecutor in SDP Act proceedings "acts as an administrator to getting things done"; (2) courts and prosecutors can act in an administrative role in some contexts (see, *e.g.*, *Santiago v. City of Philadelphia*, 435 F. Supp. 136, 146, 154 (E.D. Pa. 1977), *abrogated on other grounds by Chowdhury v. Reading Hospital & Medical Center*, 677 F.2d 317 (3d Cir. 1982)); and (3) the SDP Act gives the circuit courts special statutory jurisdiction (see *People v. Abney*, 90 Ill. App. 2d 235, 243 (1967)). Even assuming there is any merit to the plaintiff's contention that proceedings under the SDP Act are administrative, rather than judicial, his complaint does not identify a final decision of an administrative agency, much less request review of such a decision. See 735 ILCS 5/3-102 (West 2018) (providing that the Administrative Review Law applies to "every action to review judicially a final decision of any administrative agency"). Instead, the

9

complaint seeks damages for alleged violation of an IDOC therapist's statutory and contractual obligations. It is not an action for administrative review. As such, we reject the plaintiff's contention that his claim is excluded from the jurisdiction of the Court of Claims.

¶ 27    The plaintiff further argues that the circuit court has jurisdiction to hear his claim because as a "ward of the State of Illinois," he can seek certain relief to enforce his rights in the circuit courts. This argument is unavailing.

¶ 28    As we explained earlier, a provision of the SDP Act makes the Director of IDOC the guardian of individuals committed under the SDP Act. The statute does refer to detainees as "wards." See 725 ILCS 205/8 (West 2018). In support of his contention that he may seek relief in the circuit courts, the plaintiff cites a provision of the Juvenile Court Act which provides, in pertinent part, "Rights of wards of the court under this Act are enforceable against any public agency by complaint for relief by *mandamus* filed in any proceedings brought under this Act." 705 ILCS 405/5-745(2) (West 2018). However, the plaintiff's complaint (1) does not seek to enforce his rights against a public agency, (2) is not a complaint for *mandamus*, (3) does not seek to enforce rights under the Juvenile Court Act, and (4) was not filed in proceedings under the Juvenile Court Act. Thus, by its express terms, this statute is inapplicable to the case at hand and does not vest the circuit court with jurisdiction.

¶ 29    Finally, the plaintiff raises several arguments that the SDP Act is unconstitutional. Because he did not raise these arguments before the circuit court, however, they are not properly before us, and we will not consider them.

¶ 30                                    III. CONCLUSION

¶ 31    For these reasons, we affirm the circuit court's judgment dismissing the plaintiff's complaint.

¶ 32    Affirmed.