NOTICE
Decision filed 10/17/23. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2023 IL App (5th) 210218-U

NO. 5-21-0218

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| VALDEZ LAMONT JORDAN, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Madison County. |
| | ) | |
| v. | ) | No. 19-L-1300 |
| | ) | |
| RAND S. HALE ESTATE/PERSONAL | ) | |
| REPRESENTATIVE, DAVID A. HYLLA, RICHARD L. | ) | |
| TOGNARELLI, and NEIL T. SCHROEDER, | ) | Honorable |
| | ) | Christopher P. Threlkeld, |
| Defendants-Appellees. | ) | Judge, presiding. |

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Barberis concurred in the judgment.

**ORDER**

¶ 1  *Held*: Where the plaintiff alleged in a civil complaint that three circuit court judges violated the law by allowing an attorney to continue to represent him in postconviction proceedings after the attorney failed to renew his license to practice law, the trial court correctly granted a motion to dismiss the complaint based on judicial immunity. The court likewise correctly denied the plaintiff's motion to strike the Attorney General as counsel for the three judges because, contrary to the plaintiff's contention, they were acting in their official capacity. The plaintiff has forfeited appellate review of his remaining claims by not including the reasons for those contentions or citations to supporting authority in his brief.

¶ 2  The plaintiff, Valdez Lamont Johnson, filed a *pro se* complaint against three circuit court judges and the estate or personal representative of Rand S. Hale, an attorney who had been appointed to represent him during postconviction proceedings. The gist of his complaint was that

1

the defendants violated the Attorney Act, committed fraud, and violated the plaintiff's rights to due process and equal protection because the judges allowed Hale to continue to represent the plaintiff for several months after he failed to renew his license to practice law. The plaintiff also asserted claims against Hale for breach of fiduciary duty and legal malpractice.

¶ 3　　The trial court granted a motion to quash service filed by Hale's widow; granted a motion to dismiss the complaint filed by the three judges, finding the plaintiff's claims against them to be barred by judicial immunity; denied the plaintiff's motion to strike the Illinois Attorney General (AG) as counsel for the judges; and denied the plaintiff's request to appoint a special representative to defend his claims against Hale. The plaintiff appeals the latter three rulings, arguing that (1) because judges are not authorized to allow attorneys to practice law in violation of the Attorney Act, they were not acting in their judicial capacity when they allowed Hale to continue to represent him; (2) judicial immunity is therefore inapplicable; and (3) for the same reason, the AG was not authorized to represent the judges in this lawsuit. We affirm.

¶ 4　　　　　　　　　　　　　　　I. BACKGROUND

¶ 5　　The plaintiff was convicted in 2000 of first degree murder and armed robbery, and he was sentenced to concurrent terms of 35 years in prison for murder and 30 years for armed robbery. The plaintiff's convictions were affirmed on direct appeal. *People v. Jordan*, No. 5-00-0450 (2002) (unpublished order under Illinois Supreme Court Rule 23).

¶ 6　　The allegations in the *pro se* complaint at issue in this appeal arise from a postconviction petition the plaintiff filed in April 2003. In May 2003, Judge Hackett appointed Hale to represent the plaintiff in postconviction proceedings. Those proceedings remained pending through at least November 2017 after numerous continuances requested or agreed to by the plaintiff and Hale.

2

¶ 7    The plaintiff's complaint in this case contains numerous allegations concerning the delays in the postconviction case and the disagreements that developed between him and Hale concerning his representation. We will discuss only those allegations that are necessary to an understanding of the plaintiff's allegations in this appeal. According to the complaint, Hale indicated that he did not intend to file an amended petition in July 2010. As a result, the plaintiff filed a motion to proceed *pro se*. The court granted the plaintiff's motion, allowed Hale to withdraw as counsel, and allowed the plaintiff to proceed *pro se*.

¶ 8    Acting *pro se*, the plaintiff filed an amended postconviction petition and a subsequent "addendum" to his amended petition. The State filed a motion to dismiss these amended petitions. In July 2013, the court granted the State's motion in part and denied it in part. The court dismissed one count of the plaintiff's petition but advanced the remainder of his claims to the third stage of postconviction proceedings.

¶ 9    The plaintiff requested that the court appoint counsel to represent him at the evidentiary hearing on the remaining counts. In March 2014, the court reappointed Hale to represent the plaintiff. In August 2014, the case was assigned to Judge Neil T. Schroeder, one of the defendants in this case.

¶ 10    According to the allegations in the plaintiff's complaint, there were no communications between Hale and the plaintiff from March 2014, when Hale was reappointed, until February 2015, and that after that time, there were further disagreements between Hale and the plaintiff concerning witnesses to call at the evidentiary hearing. The plaintiff alleged that in August 2016, Hale admitted he did not want to represent the plaintiff. In September 2016, the plaintiff filed a *pro se* motion asking the court to appoint counsel other than Hale. At a hearing on that motion held the following month, Judge Schroeder gave the plaintiff a choice between continuing with Hale as his

attorney or representing himself. According to the complaint, the plaintiff told Judge Schroeder he felt he had no choice but to accept Hale's continued representation.

¶ 11    In December 2016, the plaintiff filed a petition for a writ of *habeas corpus* in federal court. In March 2017, Hale's name was removed from the master roll of attorneys licensed to practice law in Illinois because, in anticipation of retirement, he did not renew his registration or pay the registration fee. There is no indication in the record that either the plaintiff or Judge Schroeder were aware of this at the time.

¶ 12    The postconviction court began an evidentiary hearing on the plaintiff's claims on May 22, 2017, with Hale appearing as counsel for the plaintiff. The matter was continued for further proceedings.

¶ 13    The following  day, the federal district court dismissed the plaintiff's *habeas* petition on the grounds that the plaintiff failed to exhaust available state court remedies. See *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). A copy of its order is attached to the plaintiff's complaint in this matter. The federal court reached this conclusion because the plaintiff could—and did— raise the same claims in his postconviction petition that he raised in the *habeas* petition. The court went on to note that the exhaustion of state law remedies requirement is inapplicable where there are circumstances that render the relevant state law remedies "ineffective to protect the rights of the applicant" (see 28 U.S.C. § 2252(b)(1)(B) (2012)), such as where there has been an "[i]nordinate, unjustifiable delay" in the state court proceedings (see *Jackson v. Duckworth*, 112 F.3d 878, 881 (7th Cir. 1997)). After noting that the plaintiff had requested or agreed to numerous continuances over the years, the court concluded that this exception did not apply because the state circuit court had not simply ignored his case.

¶ 14    On May 29, 2017, the plaintiff filed a complaint against Hale with the Attorney Registration and Disciplinary Commission (ARDC). In response to an inquiry, Hale informed the ARDC that he had not taken steps to renew his license because intended to retire after the plaintiff's case was resolved. He noted that he had no other active cases. The ARDC notified both the court and the plaintiff of Hale's response in August and September 2017.

¶ 15    In September 2017, Judge Richard L. Tognarelli, another defendant in this case, appointed a new attorney to represent the plaintiff. The plaintiff subsequently appeared in court with his new attorney, at which time Judge Schroeder informed them that the evidentiary hearing would start over. He also continued the matter to give counsel time to familiarize herself with the case and prepare for the remainder of the evidentiary hearing.

¶ 16    Hale officially retired from the practice of law in October 2017. He passed away in 2018.

¶ 17    In September 2019, the plaintiff filed the *pro se* complaint at issue in this appeal. He named Judge Schroeder, Judge Tognarelli, and Chief Judge David A. Hylla as defendants along with the "Rand S. Hale Estate/Personal Representative." He alleged that Judges Schroeder and Tognarelli were legally responsible for the control and operation of their courtrooms and that Judge Hylla, as the chief judge, was legally responsible for the "general administration" of the Madison County circuit court. The plaintiff argued that the judges were, therefore, responsible for the conduct of "unidentified responsible Person(s)" who had failed to reassign his case to a different attorney when Hale was no longer licensed to practice law.

¶ 18    In count I of the complaint, the plaintiff asserted that Hale committed "fraud on the court" by failing to withdraw as counsel in March 2017, when he was no longer authorized to practice law. The plaintiff asserted that he suffered prejudice as a result because his federal *habeas* case was dismissed. In count II, the plaintiff asserted claims for denial of due process and equal

5

protection and for a violation of the Attorney Act (705 ILCS 205/0.01 *et seq*. (West 2016)). He argued that an unknown individual had a duty to reassign Hale's cases when his license to practice law expired. He further argued that he was treated differently from others because he was the only client Hale continued to represent after his license expired. In the remaining count of the complaint, the plaintiff asserted claims of legal malpractice and breach of fiduciary duty against Hale.

¶ 19    In February 2020, the plaintiff affected the service of summons on Judges Hylla, Schroeder, and Tognarelli. However, a summons addressed to Hale was returned unserved because he was deceased.

¶ 20    In March 2020, the AG's office entered an appearance on behalf of the three judges and filed a motion to dismiss the complaint pursuant to section 2-619 of the Code of Civil Procedure (735 ILCS 5/2-619 (West 2018)). In the motion and an attached memo, they argued that they were entitled to judicial immunity. On April 13, 2020, the plaintiff filed a motion to strike the appearance of the AG as counsel for the judges.

¶ 21    In August 2020, a summons was served on Hale's widow, Farilyn B. Hale, in St. Louis, Missouri. In response, Farilyn Hale filed a motion to quash summons and objection to jurisdiction. She asserted that she was a resident of Missouri and did not do business in Illinois. She argued that she was not subject to the personal jurisdiction of Illinois courts. She further asserted that no estate had had been opened for Rand S. Hale, that she was not his personal representative, and that she was therefore not a proper party to this lawsuit. The court entered an order directing the plaintiff to respond to Farilyn Hale's motion.

¶ 22    On September 21, 2020, the plaintiff filed a motion requesting that that the court appoint a special representative for Rand S. Hale for the purpose of defending against this lawsuit and that the court deny Farilyn Hale's motion to quash. Both this motion and the plaintiff's earlier motion

to strike the appearance of the AG remained pending until after the court ruled on the defendant judges' motion to dismiss.

¶ 23    On November 19, 2020, the court held a hearing on the motion to dismiss via the Zoom video conferencing platform. That same day, the court entered an order granting Farilyn Hale's motion to quash service and dismissing her from the plaintiff's lawsuit. The following day, the court entered an order in which it (1) dismissed the plaintiff's claims against the three judges on the basis of judicial immunity; (2) denied the plaintiff's motion to strike the appearance of the AG, finding it to be moot; and (3) denied the plaintiff's motion to appoint a special representative for Rand S. Hale, likewise finding it to be moot.

¶ 24    The plaintiff filed a "motion for rehearing." He acknowledged in the motion, as he does on appeal, that his "cause of action does not contest whether defendants had jurisdiction over plaintiff's post-conviction petition. Nor does the cause of action contest whether it[']s within a judge[']s judicial capacity to appoint counsel to a criminal defendant." He argued, however, that the actions of the three judges "breached [the court's] lawful jurisdiction" and that knowingly allowing an unlicensed attorney to appear on his behalf was not "an act normally performed by a judge." He contended that, as such, the judges' alleged actions were unlawful. He further contended that this meant that they acted as private individuals rather than in their official capacity. He argued that the AG therefore had no authority to represent the judges and that judicial immunity did not apply. The motion did not address the court's ruling on Farilyn Hale's motion to quash service.

¶ 25    The court held a hearing on the plaintiff's motion on June 18, 2021, and denied the motion in a written order on June 21. The plaintiff mailed his notice of appeal on July 19, 2021.

7

¶ 26                                     II. ANALYSIS

¶ 27    The plaintiff argues that the court erred by dismissing his complaint, denying his motion to strike the appearance of the AG as counsel, and denying his motion to appoint a special representative for Hale. He does not address the court's ruling on Farilyn Hale's motion to quash service. In addition, although the plaintiff asserts in conclusory terms that the court erred in denying his request to appoint a special representative and asks that one be appointed on remand, he does not offer any rationale or citation to authority in support of this contention. As such, we find that the plaintiff has forfeited consideration of these issues. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020) (providing that an appellant's brief must contain the reasons for the appellant's contentions on appeal along with citations to authority and that review of any points not argued is forfeited). We will therefore turn our attention to the plaintiff's contentions that the court erred in denying his motion to strike the AG's appearance and in granting the judges' motion to dismiss.

¶ 28    The plaintiff's arguments concerning the court's rulings on the motion to dismiss and the motion to strike the AG's appearance as counsel are closely intertwined. We will first address the court's decision to grant the motion to dismiss.

¶ 29    A motion to dismiss pursuant to section 2-619 admits or assumes the legal sufficiency of the plaintiff's complaint, but it raises an affirmative defense or other affirmative matter that defeats the plaintiff's claims. *Rehfield v. Diocese of Joliet*, 2021 IL 125656, ¶ 21. As the plaintiff correctly points out, the affirmative defense or other matter must be apparent from the face of the complaint; otherwise, it must be supported by affidavits or other evidence. *Id.* In ruling on a section 2-619 motion, courts must take as true all the well-pled factual allegations in the complaint. *Moncelle v. McDade*, 2017 IL App (3d) 160579, ¶ 17. We must also view all pleadings and any supporting

documents in the light most favorable to the nonmoving party. *Rehfield*, 2021 IL 125656, ¶ 22. We conduct a *de novo* review of the trial court's ruling. *Id.* ¶ 23.

¶ 30 The common law doctrine of judicial immunity "is as old as the Republic itself." *Bozek v. Bank of America, N.A.*, 2021 IL App (1st) 191978, ¶ 56. It exists as "a means of protecting the independence of the judiciary and discouraging inappropriate collateral attacks on judgments." *Moncelle*, 2017 IL App (3d) 160579, ¶ 18. Judges must be free to rule on matters that come before them without fear of personal consequences, including subsequent lawsuits by unsatisfied litigants. *Bozek*, 2021 IL App (1st) 191978, ¶ 57; *Moncelle*, 2017 IL App (3d) 160579, ¶ 18. Thus, while judicial immunity does not exist for purposes of protecting corrupt or malicious judges, absolute judicial immunity protects judges from lawsuits related to their judicial acts, even suits alleging that judges exceeded their authority or acted maliciously or corruptly. *Bozek*, 2021 IL App (1st) 191978, ¶ 57; *Moncelle*, 2017 IL App (3d) 160579, ¶ 18. Judges are absolutely immune from even lawsuits challenging " 'grave procedural errors.' " *Generes v. Foreman*, 277 Ill. App. 3d 353, 355 (1995) (quoting *Stump v. Sparkman*, 435 U.S. 349, 359 (1978)). Such errors may instead be corrected on appeal. *Bozek*, 2021 IL App (1st) 191978, ¶ 57 (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

¶ 31 As the plaintiff acknowledges, there are only two recognized exceptions to judicial immunity. *Id.* ¶ 59. The first exception is for nonjudicial acts—that is, actions not taken in the judge's judicial capacity. *Id.* (citing *Moncelle*, 2017 IL App (3d) 160579, ¶ 19). A judge *is* acting in his or her judicial capacity—and, therefore, protected by judicial immunity—when "performing 'a *function* normally performed by a judge.' " (Emphasis added.) *Id.* ¶ 72 (quoting *Stump*, 435 U.S. at 362).

¶ 32    Under the second exception, judicial immunity does not apply to actions " 'taken in the complete absence of all jurisdiction.' " *Moncelle*, 2017 IL App (3d) 160579, ¶ 19 (quoting *Mireles v. Waco*, 502 U.S. 9, 12 (1991)). This exception applies even to actions that are judicial in nature. *Id.* However, "the scope of a judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump*, 435 U.S. at 357. The term "jurisdiction" in this context means the subject matter jurisdiction of the court itself, not the individual judge's authority to act. *Bozek*, 2021 IL App (1st) 191978, ¶ 75; *Moncelle*, 2017 IL App (3d) 160579, ¶ 19. Allegations that a judge exceeded his or her authority, therefore, do not trigger this exception. See, *e.g.*, *Bozek*, 2021 IL App (1st) 191978, ¶ 75 (explaining that "[i]f, for example, a judge sentenced a felon to a sentence greater than the law allowed, that judge would be acting in *excess* of jurisdiction, not in the complete absence of jurisdiction, and would thus be protected by judicial immunity" (emphasis in original)).

¶ 33    The plaintiff acknowledges on appeal, as he did in his arguments before the trial court, that (1) the court had the power to decide his postconviction petition and (2) the individual judges had the authority to appoint counsel to represent him. Despite these concessions, he argues that both exceptions to judicial immunity somehow apply to this case. This is so, he contends, because the real question is whether judges have authority "to knowingly allow an unlicensed attorney to practice law." He argues that because knowingly allowing the unauthorized practice of law is not an act normally performed by judges, it cannot be considered an action normally performed by judges, thus triggering the first exception to judicial immunity. He further argues that because allowing an unlicensed attorney to practice law is not authorized by law, the judges were acting without jurisdiction, and as such, this action also falls within the second exception. We are not persuaded for two reasons.

10

¶ 34    First, as the judges point out in their brief, the complaint contains no well-pled allegations that they *knowingly* allowed Hale to practice law when he was no longer authorized to do so. Although we must accept as true all well-pled factual allegations in the complaint, we need not accept as true any conclusory allegations that are not supported by facts. *Moncell*, 2017 IL App (3d) 160579, ¶ 17. Here, the plaintiff alleged that that in September 2017, the ARDC called to the court's attention the fact that as of March 2017, Hale was no longer licensed. The allegations in the complaint reveal that shortly after receiving this information, Judge Tognarelli appointed a different attorney to represent the plaintiff and that Judge Schroeder nullified the May 2017 hearing, at which Hale represented the plaintiff despite being unauthorized to practice. No factual allegations support the conclusion that any of the judges *knowingly* allowed Hale to represent the plaintiff while not licensed to do so. Indeed, the factual allegations show that they quickly took steps to ensure that he did not represent the plaintiff once they learned that he was no longer licensed.

¶ 35    Second, and more importantly, accepting the plaintiff's conclusory assertion that the judges named as defendants knowingly allowed Hale to represent him without a license to practice law would not bring this case within either exception to judicial immunity. There is no dispute that appointing an attorney to represent a criminal defendant in postconviction proceedings is a function normally performed by a judge. Merely alleging that a judge makes a mistake while performing this function does not transform it into a nonjudicial act. As such, the first exception to judicial immunity does not apply.

¶ 36    The second exception likewise does not apply. As we explained previously, the question is the subject matter jurisdiction of the court itself, not whether the individual judge had the authority to take a particular action. *Bozek*, 2021 IL App (1st) 191978, ¶ 75; *Moncelle*, 2017 IL App (3d)

11

160579, ¶ 19. Put another way, "the proper inquiry *** is whether the case over which the judge was presiding belonged to a class of cases that the court was generally empowered to adjudicate." *Bozek*, 2021 IL App (1st) 191978, ¶ 76. As the plaintiff acknowledges, postconviction proceedings are a class of cases the circuit courts of Illinois are generally empowered to adjudicate. Thus, neither exception applies, and the court correctly determined that the judges are protected by judicial immunity.

¶ 37   The plaintiff also argues that the AG's pleadings did not "mention or address the abuse of process allegation." We do not find this point pertinent. The motion to dismiss itself described the plaintiff's suit as an action for damages based on a violation of the Attorney Act and did not reference other counts of the plaintiff's complaint. However, the accompanying memorandum of law also specifically referenced the plaintiff's claims that the defendants denied him due process and equal protection and committed a "breach of jurisdiction." Significantly, each of these claims involved allegations that the three judges failed to appoint a new attorney to represent the plaintiff soon enough, which is precisely the same conduct that was at issue in his claim that they violated the Attorney Act. As we have discussed at length, that alleged conduct is protected by judicial immunity. The plaintiff's additional claims for breach of fiduciary duty, "abuse of process," and legal malpractice did not involve any allegations concerning the acts or omissions of the three judges. We therefore reject the plaintiff's apparent contention that the court erred in dismissing claims that were not specifically referenced in the motion to dismiss itself. For these reasons, we find no error in the court's decision to grant the judges' motion to dismiss.

¶ 38   We now turn our attention to the plaintiff's contention that the court erred in denying his motion to strike the appearance of the AG as counsel. Before addressing the plaintiff's arguments, however, we note that the court did not reach the merits of the plaintiff's motion, instead finding

it to be moot. Nevertheless, we may affirm the trial court's ruling for any basis appearing in the record, even if it was not the reason relied upon by the court. *Rodriguez v. Sheriff's Merit Comm'n of Kane County*, 218 Ill. 2d 342, 357 (2006).

¶ 39 The plaintiff correctly notes that although the Attorney General Act imposes upon the AG the duty "[t]o defend all actions and proceedings against any State officer, in his official capacity," it does not give the AG the obligation or authority to represent private citizens. 15 ILCS 205/4 (West 2018); see also *Hadley v. Ryan*, 345 Ill. App. 3d 297, 303 (2003). He contends that the judges named as defendants in this case were acting as private individuals, rather than in their official capacity, when they engaged in the conduct alleged in the complaint because the alleged conduct was not authorized by law. We have already rejected his contention that the judges were not acting in their judicial capacity. For the same reasons, we must reject his contention that they were acting as private citizens, rather than in their official capacity. As such, we find that the court correctly denied the plaintiff's motion to strike the AG's appearance as counsel.

¶ 40                                    III. CONCLUSION

¶ 41 For the foregoing reasons, we affirm the court's rulings dismissing the plaintiff's complaint, denying his motion to strike the AG as counsel, and denying his request to appoint a special representative to defend his claims against Rand S. Hale.

¶ 42 Affirmed.